1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11  | ROBERT RUSSELL, individually

Case No.: 2:20-cv-00263

12
Plaintiff,

13
V.

DEFENDANT, JOSEPH SAMEC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION   28 U.S.C. 1332 (A)(1)

14
JOSEPH SAMEC, individually: SEAN

15
BISHOP, individually: AND DOES 1-10

16

17
Defendants

18

19
## NOTICE OF MOTION AND MOTION TO DISMISS

20
Defendant, Joseph Samec (Mr. Samec) respectively moves to dismiss Robert

21
Russell's complaint (Case No; 2;20-cv-00263) for DEFAMATION, OUTRAGE, TORTIOUS

22
INTERFERENCE, FALSE LIGHT, AND INJUNCTIVE RELIEF, on May 1, 2020 in the United

23
States District Court, Western District of Washington at Seattle, because this court lacks subject

24
matter jurisdiction under 28 U.S.C. 1332(a) (1).

25
DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

26

27

1

## **<u>TABLE OF CONTENTS</u>**

2
                                                                                    **PAGE**
3
Notice of Motion and Motion to Dismiss ................................................................ 1

4

Statement of Issues to be Decided ........................................................................2

5

I.      Statement of Facts ...................................................................…..................2

6

    A.    Matter in Controversy...........................................................................2

7

    B.  Diversity of Citizenship ........................................................................4

8

II.     MEMORANDUM OF POINTS AND AUTHORITIES....................................4

9

    A.  Legal Standard for Motion to Dismiss....................................................4

10

    B.    Timeliness ..........................................................................................5

11

    C.  Plaintiff has Failed to Establish in the Threshold Amount

12

       in controversy...................................................................................5

13

       1.  Marijuana Operation ......................................................................5

14

          (a) Any losses related to the marijuana farm allegedly

15

          suffered by Plaintiff are a result of his own wrongdoing ...........................5

16

          (b) Plaintiff lacks standing to bring suit for any losses allegedly

17

          suffered by Green Acres Pharm ...................................................... 6

18

       2.  Mineral Rights Investors .................................................................6

19

          (a) Plaintiff has failed to establish any monetary loss in his

20

          alleged attempts to secure investors to purchase mineral rights...............6

21

22

23

24

25

DEFENDANT, JOSEPH SAMEC'S                               JOSEPH SAMEC, PRO PER
MOTION TO DISMISS FOR LACK                              838 NORTH CHARTER DR.
OF SUBECT MATTER JURISDICTION                           COVINA, CA 91724
26
28 U.S.C. 1332                                          626-482-6173

27

1

2

**TABLE OF CONTENTS**
(Continued)

3

4          3.  Florida Entertainment Club...............................................7

5          **(a)** Plaintiff's allegation the co-defendant, Sean Bishop, sought

6             to dissuade prospective customer from patronizing Plaintiff's

7             strip club is unpersuasive..............................................7

8          **(b)** Plaintiff lacks standing to file suit for any losses allegedly

9             suffered by the Florida entertainment club .........................8

10      D.  Plaintiff has failed to establish diversity.............................8

        1.  Residency v. Citizenship.............................................8

11   III.     ARGUMENT.................................................................9

12      A. Defendant has met his burden of proof to establish the amount in

13        controversy does not exceed $75,000.................................9

14        1.  Burden of Proof.....................................................9

15          (a) Plaintiff has failed to establish Defendant is responsible

16             for any losses Plaintiff allegedly suffered by the closure

17             of the marijuana farm............................................10

18              (i)     Plaintiff lacks standing to assert

19                     any cause of action on behalf of

20                     The marijuana farm.............................11

21              (ii)    This court does not have jurisdiction

22                     to hear a case between the marijuana

23                     farm and Defendant, Joseph Samec..................... .11

24

25   DEFENDANT, JOSEPH SAMEC'S                    JOSEPH SAMEC, PRO PER
     MOTION TO DISMISS FOR LACK               838 NORTH CHARTER DR.

26   OF SUBECT MATTER JURISDICTION           COVINA, CA 91724
     28 U.S.C. 1332                                626-482-6173

27                           CASE NO. 2:20-CV-00263   III

**TABLE OF CONTENTS**
**(Continued)**

(b) Plaintiff has failed to establish any actual dollar amount suffered by the withdraw of the alleged mineral rights investors...................................................................11

(c) Plaintiff's alleged losses pertaining to the Florida entertainment club are purely speculative.......................12

(d) Plaintiff lacks standing to assert any cause of action on behalf of the Florida Entertainment club....................................13

IV.    CONCLUSION....................................................................13

DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263    IV

1

# TABLE OF AUTHORITIES

2

3      **CASES**                                                                                    **PAGE**

4      Cetacea Community v. Bush.
       386 F3d 1169, 1 (9th Cir. 2004) ..................................................................4
5

6      Chandler v. State Farm Mut. Auto Ins. Co
       598 F3d 1115, 1122 (9th Cir. 2010) ...............................................................4

7      Augustine v. United States,
       704 F.2d 1074, 1077 (9th Cir. 1983) .............................................................5
8

9      Arbaugh v. Y&H Corp.
       126 S. Ct. 1235 (2006) ...............................................................................5

10     Elvig v. Calvin Presbyterian Church,
        375 F.3d 951, 955 n.2 (9th Cir. 2004) ..........................................................5
11

12      Ding v. Commissioner of Internal Revenue
       200 F.3d 587,589-90 (9th Cir.1999) .............................................................6

13     Katner v. Lambert
       265 F 3d. 853, 857 (9th Cir., 2001) ..............................................................9
14

15     Newman-Green, Inc v. Alfonzo-Larrain,
       490 U.S. 826, 828 (1089) ...........................................................................9

16     Geographic Expeditions, Inc. v. Estate of Lhotka,
       599 F3d. 1102 (9th Cir. 2010) .....................................................................9
17

18     Crum v. Circus Circus Enterprises
       231 f.3d. 1129,1131 (9th Cir. 2000) .............................................................9

19

20     St. Paul Mercury Indemnity Co. v. Red Cab Co.,
       303 U.S. 283, 292, (1938) .........................................................................10

21

22

23

24

25     DEFENDANT, JOSEPH SAMEC'S                          JOSEPH SAMEC, PRO PER
       MOTION TO DISMISS FOR LACK                          838 NORTH CHARTER DR.
       OF SUBECT MATTER JURISDICTION                       COVINA, CA 91724
26     28 U.S.C. 1332                                      626-482-6173

27

1

## TABLE OF AUTHORITIES
### (Continued)

2

3   **STATUTES**                                                                **PAGE**

4   Federal Rules of Civil Procedure
5   § 12(b)(1) ............................................................................................1

6   United States Code, Title 28
    § 1332 (a)(1) .............................................................2, 6, 8, 9, 11, 13

7

8   United States Constitution
    Article III................................................................................4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DEFENDANT, JOSEPH SAMEC'S                    JOSEPH SAMEC, PRO PER
     MOTION TO DISMISS FOR LACK                   838 NORTH CHARTER DR.
     OF SUBECT MATTER JURISDICTION                COVINA, CA 91724
26   28 U.S.C. 1332                                   626-482-6173

27                        CASE NO. 2:20-CV-00263   VI

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2    PLEASE TAKE NOTICE that on Friday, May 1, 2020, or as soon thereafter as the matter

3  may be heard before Honorable Judge, Ricardo S. Martinez, in the United States District Court

4  for the Western District of Washington, Defendant, Joseph Samec, will and hereby does move

5  the court to dismiss the action pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil

6  Procedure.

7    This motion is made on the grounds that the court lacks jurisdiction over the subject

8  matter of this action against Defendant and that the complaint, including the claims for relief

9  asserted therein, fails because (1) this court lacks subject matter jurisdiction to oversee this case,

10  and (2) Plaintiff lacks standing. The motion will be based on this Notice of Motion and Motion,

11  the accompanying Memorandum of Points and Authorities, exhibits filed herewith, and any

12  testimonial or declarative evidence the court may require.

13

14  Dated: April 9, 2020

15

16                                          Respectfully Submitted

17

18                                          Joseph Samec in Pro Se

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26  DEFENDANT, JOSEPH SAMEC'S          JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK        838 NORTH CHARTER DR.
    OF SUBJECT MATTER JURISDICTION    COVINA, CA 91724
27  28 U.S.C. 1332                     626-482-6173

1

**STATEMENT OF ISSUES TO BE DECIDED**

2       1.   Has Plaintiff established diversity amongst the parties as required under 28 U.S.C.

3    §1332?

4       2.   Has the required $75,000+ threshold amount in controversy been pleaded on the face

5    of the complaint?

6       3.   Does Plaintiff have standing to bring suit for alleged losses attendant to Green Acres

7    Pharms and Grandview Live?

8

9              **I.       STATEMENT OF FACTS**

10      **1.**  Feb. 20, 2020 Plaintiff, Robert Russell, filed the instant complaint against Joseph Samec,

11   Sean Bishop and DOES 1-10 claiming this court has original jurisdiction pursuant to 28 U.S.C.

12   § 1332(a)(1), which reads, in pertinent part:

13         "The district courts shall have original jurisdiction of all civil actions where the matter in

14   controversy exceeds the sum or value of $75,000, exclusive of interests and costa, and is

15   between—

16         (1) Citizens of different states.

17         (2) ****;

18         (3) ****.

19         (4) ****."

20   A.: **Matter in Controversy**

21      **2.**  In attempting to meet the requirement for amount in controversy in excess of

22   $75,000, Plaintiff claims to have initially expended in excess of $1,5000,000 (one million, five

23   hundred thousand dollars in order to build out a marijuana cultivation facility (Complaint, page 2,

24

25   DEFENDANT, JOSEPH SAMEC'S                          JOSEPH SAMEC, PRO PER
26   MOTION TO DISMISS FOR LACK                         838 NORTH CHARTER DR.
     OF SUBECT MATTER JURISDICTION                     COVINA, CA 91724
27   28 U.S.C. 1332                                     626-482-6173

Line 16-18) and that he: believes his initial personal investment was well in excess of $1,500,000." (Page 3, Line 13). and that "the total spent to build the later out to the entire 10,000 square feet was $3,000,000 including $1,400,000 received from one or more investors in order to expand the facility (Complaint, Page 3, Lines 8-19). Nowhere in the complaint is it stated that the facility ever profited by even one penny.

3.  Plaintiff admits, (Complaint, Page 6, Line 8-10), that he was forced to shut down the cannabis business (Green Acre Pharms, LLC) as a result of an investigation by the Washington State Liquor and Cannabis Board (LCB) when the investigation uncovered the fact that Plaintiff comingled personal assets with those of the corporation. Yet, Plaintiff attempts to hold Mr. Samec liable for Plaintiff's own wrongdoing to somehow justify the instant defamation suit against Mr. Samec. Attempting to bolster his claim, Plaintiff states: "Samec, as an example, complained to the Washington State Liquor and Cannabis Board ("LCB") that Russell stole his money in a Ponzi scheme."[1] (Complaint, Page 6, Lines 5, 6). In making this claim, Plaintiff skims over the fact that the LCB investigation led to the discovery of Plaintiff's own unlawful actions that constituted the basis for the closure of the marijuana enterprise.

4.  Plaintiff further claims that Defendants, Samec and Bishop, "interfered with Russell's attempt to secure investors to develop mineral rights in a Washington property. This allegation is made "on information and belief" and further claims that, as a result, he (Russell) "lost the

---

[1]On January 21, 2020, in Case No: 8:20-cv-00124,
the U.S. Securities and Exchange Commission filed
a formal complaint against Robert Russell, and Guy
Griffithe, et al and charging each of them with, among
other things, running a PONZI scheme and defrauding
investors out of approximately $4.85 million.
 (See "EXHIBIT 1," January 21, 2020 SEC Press Release

DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

1  multi-million dollars investment" (Complaint, Page 6, Lines 15-20).

2      **5.** Plaintiff goes on to allege that Bishop—with no mention of Samec—"sought to convince

3  prospective customers to avoid Russell's Florida entertainment club by falsely claiming Russell

4  had stolen money from a disabled individual and would steal his money, too." (Complaint, page

5  6, Lines 21-23). No allegation was made that defendant Samec was involved in any way with

6  this activity.

7  B: **Diversity of Citizenship**

8      In order establish diversity of citizenship requirement, Plaintiff lists, on Page 1, Line 23-

9  26, the cities and states of residence for each party allegedly involved, as:

10          "1. Robert Russell is and individual who resides in King County, Washington.

11          2. Joseph Samec is an individual who resides in Covina, California

12          3. Sean Bishop is an individual who, on information and belief, resides in Port

13               Orange, Florida.

14          4. John Does are individuals and/or entities that have made or aided in making

15               defamatory statements about Russell."

16

17          II.      **MEMORANDUM OF POINTS AND AUTHORITIES**

18    **A.** **Legal Standard for Motion to Dismiss**

19      Under Rule 12(b)(1) of the Federal Rules of Civil Procedure the district court must

20  dismiss a complaint that lacks subject matter jurisdiction. This occurs when the Plaintiff cannot

21  establish standing under the Article III "Case or Controversy" requirement of the U.S.

22  Constitution <u>Cetacea Community v. Bush</u>. 386 F3d 1169, 1 (9th Cir. 2004). Once a party has

23  moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) the burden of proof

24  falls on the opposing party to establish the court's jurisdiction <u>Chandler v. State Farm Mut. Auto</u>

25

26  DEFENDANT, JOSEPH SAMEC'S                      JOSEPH SAMEC, PRO PER
MOTION TO DISMISS FOR LACK               838 NORTH CHARTER DR.
OF SUBJECT MATTER JURISDICTION           COVINA, CA 91724

27  28 U.S.C. 1332                                    626-482-6173

1   Ins. Co 598 F3d 1115, 1122 (9th Cir. 2010).

2   **B.: Timeliness**

3        It is well settled that the issue of subject matter jurisdiction may be raised at any time

4   during the litigation,: ""The defense of lack of subject matter jurisdiction cannot be waived, and

5   the court is under a continuing duty to dismiss an action whenever it appears that the court lacks

6   jurisdiction." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). *See also,* Arbaugh

7   v. Y&H Corp., 126 S. Ct. 1235 (2006). "The objection that a federal court lacks subject-matter

8   jurisdiction. . . *may be raised at any stage in the litigation*, even after trial and the entry of

9   judgment, Rule 12(h)(3)."(emphasis added); Elvig v. Calvin Presbyterian Church, 375 F.3d 951,

10  955 n.2 (9th Cir. 2004) (citing Augustine, 704 F.2d at 107, n.3): "The matter of subject matter

11  jurisdiction . . . may be raised by the parties at any time."

12  **C.: Plaintiff has Failed to Establish in the Threshold Amount in Controversy**

13       As noted supra, in order to bring a diversity action to this court, the amount in

14  controversy must exceed $75,000. It is submitted Plaintiff has failed to meet this requirement.

15       **(1).**   **Marijuana Operation.**

16       **(a)**   **Any losses related to the marijuana farm allegedly suffered by Plaintiff are a**

17  **result of his own wrongdoing**

18       The only actual dollar amounts Plaintiff cites in his complaint ($3,000,000 +) refer to

19  money invested by Plaintiff and one or more investors to build out the marijuana growing facility.

20  (Complaint, P.2, L17,18; P.3, Lines 1 thru 19). These numbers are irrelevant to any the damage

21  amount Plaintiff did, or did not, suffer as a result of Defendants' alleged wrongdoing.

22       Plaintiff glosses over the fact the closure of Plaintiff's marijuana operation was a direct

23  result of his own wrongdoing, to wit:  that the closure of his marijuana enterprise came as a

24  direct result of his own comingling of his personal funds with those of his LLC, not as a result of

25

26  DEFENDANT, JOSEPH SAMEC'S                 JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK               838 NORTH CHARTER DR.
    OF SUBECT MATTER JURISDICTION           COVINA, CA 91724
27  28 U.S.C. 1332                                 626-482-6173

1    any alleged defamation (Complaint, P. 6, Lines. 8, thru 10). For Plaintiff to now claim in a

2    formal complaint that Defendant, Joseph Samec, is somehow civilly liable for supplying

3    information to a government agency that ultimately lead to the discovery of Plaintiff's unlawful

4    activities strains the bounds of credulity.

5          **(b)**    <u>**Plaintiff lacks standing to bring suit for any losses allegedly suffered by**</u>

6    <u>**Green Acres Pharms.**</u>

7          At all times relevant to this complaint, Plaintiff's business (Green Acres Pharms) was,

8    prior to its termination an LLC (U.B. #604-093-783) with a Principle Office Address of 30251

9    Golden Lantern, Ste. E405, Laguna Niguel, CA 92677. ("EXHIBIT 2," California Secretary of

10   State Business Search Results).

11         As a corporation, Green Acres Pharms is legally a separate entity. <u>Ding v. Commissioner</u>

12   <u>of Internal Revenue</u> 200 F.3d 587,589-90 (9th Circuit 1999). As a separate entity Green Acres

13   Pharms may have standing to sue, but certainly not Robert Russell. As a Corporation domiciled

14   in California, Green Acres Pharms, Inc. is a citizen of California 28 U.S.C. 1332 (c) (1). Because

15   Green Acres Pharms is citizen of California, there can be no diversity of citizenship under 28

16   U.S.C. 1332 (a) (1) if Defendant, Joseph, is a citizen of the same state. Therefore, any suit

17   brought on behalf of Green Acres Pharms against Defendant, Joseph Samec, must be brought in

18   California state court.

19         **(2).**    <u>**Mineral Rights Investors**</u>

20         **(a)**    **Plaintiff has failed to establish any monetary loss in his alleged**

21   **attempts to secure investors to purchase mineral rights.**

22         Plaintiff claims on P.6, Lines 15-20 of his complaint that Defendant(s) somehow were

23   responsible for an alleged loss of a "multi-million dollars investment." However, Plaintiff's own

24   words, referencing his *attempts* to secure investors expose the fact that his claim of having lost

25

26   DEFENDANT, JOSEPH SAMEC'S                  JOSEPH SAMEC, PRO PER
     MOTION TO DISMISS FOR LACK              838 NORTH CHARTER DR.
     OF SUBECT MATTER JURISDICTION         COVINA, CA 91724

27   28 U.S.C. 1332                                       626-482-6173

1   multi-millions of dollars is merely speculative. Nowhere in his claim does he reference any

2   success in garnering any actual substantive agreement, contract, or other obligation with anyone

3   willing to invest in any development of mineral rights on some unidentified property. It is there

4   for submitted Plaintiff's estimate of "multi-million" dollars in investment money is nothing more

5   than speculation mixed with wishful thinking, dependent on the "New York investors" final

6   determination whether to invest in the development of minerals on Plaintiff's property.

7        Plaintiff's own claim that he "lost the multi-million-dollar investment" is self-defeating.

8   At no point does Plaintiff claim the investment amounts were meant for him personally. Nor

9   does he claim any sale of said rights fell through as a result of Defendant[s] alleged "intentional

10  interference." Plaintiff does admit, however, that he was <u>attempting</u> (trying) to secure <u>investors,</u>

11  not purchasers. Yet, Plaintiff, in his attempts to meet the $75,000+ threshold claims he

12  somehow lost "multi-millions" of dollars. This begs the question: did Plaintiff intend to treat the

13  investment money—if he were to receive any at all--as his own, much as the United States

14  Securities and Exchange Commission claims, he has a history of doing? (See EXHIBIT 1:

15  <u>Securities and Exchange Commission v. Guy Scott Griffithe, Robert William Russell, et al</u>. Case

16  No. 8:20-cv-00124 (C.D. Cal. Filed January 21, 2020).

17       By Plaintiff own words, was merely attempting to secure investors in a transaction that,

18  nowhere in the complaint is it stated was guaranteed to pay off at all. It is submitted that there

19  exists no other way to view Plaintiff's claim of a multi-millions dollar loss than as pure

20  speculation at best, much akin to claiming a multi-million dollars loss because he did not buy a

21  lottery ticket.

22       **(3).   <u>Florida Entertainment Club</u>**

23            **(a)    Plaintiff's allegation the co-defendant, Sean Bishop, sought to**

24  **dissuade prospective customer from patronizing Plaintiff's strip club is unpersuasive.**

25

26  DEFENDANT, JOSEPH SAMEC'S                          JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK                         838 NORTH CHARTER DR.
    OF SUBJECT MATTER JURISDICTION                     COVINA, CA 91724
27  28 U.S.C. 1332                                      626-482-6173

CASE NO. 2:20-CV-00263    7

1    Plaintiff claims on Page 6, Lines 21- 23 of the complaint that co-defendant, Sean Bishop,

2  "sought to convince prospective customers to avoid Russell's Florida entertainment club" by

3  allegedly making certain false claims pertaining to Plaintiff's honesty. Nowhere in the

4  allegation does Plaintiff claim Sean Bishop was successful, only that he "sought to

5  convince****." Nowhere in the complaint is it determined that any of the customers Sean

6  Bishop allegedly spoke with were anything more that "prospective customers." Nowhere in the

7  complaint does Plaintiff even claim he lost any money at all as a result of Sean Bishop's alleged

8  actions.

9        **(b)    Plaintiff lacks standing to file suit for any losses allegedly suffered by**

10  **the Florida entertainment club**

11    Additionally, Plaintiff's "entertainment club" ("Grandview Live") is an alter-ego for a

12  corporation (DBPR-2D2G Corp. and is doing business as "Grandview Live." (See EXHIBIT 3":

13  License details of Grandview Live) Therefore, as discussed supra, Plaintiff has no standing to

14  bring a damage claim based on alleged actions by Defendants that may or may not have directly

15  affected DBPR-2D2G Corp. Finally, because DBPR-2D2G Corp. dba Grandview Live is a

16  business located in Florida, and because Plaintiff claims Defendant, Sean Bishop has at least

17  minimum contacts ("resides") in the state of Florida, any suit brought by DBPR-2D2G Corp.,

18  particularly on behalf of Grandview Live, is properly a state court issue and should be brought in

19  Florida state court.

20  **D.    Plaintiff has Failed to Establish Diversity**

21    As stated, supra, Diversity can only be established when the $75,000+ threshold dollar

22  amount is met, and the suit is between parties who are citizens of different states. 28 U.S.C. §

23  1332 (a)(1), Defendant, Joseph Samec, submits Plaintiff has failed to meet this requirement.

24    **(1).    Residency vs. Citizenship**

25    Fatal to Plaintiff's claim of diversity is that, with the exception of "John Does 1-10"

26  DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
27  28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

1   wherein no residence or citizenship is identified, he cites the city and state of each party's

2   residence. Domicile, not residency, is the determining factor necessary for diversity

3   jurisdiction. "[T]he diversity jurisdiction statute 28 U.S.C. §1332 speaks of citizenship, not of

4   residency To be a citizen of a state a natural citizen must first be a citizen of the United States."

5   Katner v. Lambert 265 F 3d. 853, 857 (9th Cir., 2001).  Citing Newman-Green, Inc v. Alfonzo-

6   Larrain, 490 U.S. 826, 828 (1989). The natural person's state citizenship is then determined by

7   her state of domicile, not her state of residence." id. In Katner the 9th circuit appellate court held

8   that the failure to specify state citizenship" was "fatal to the assertion of Diversity

9   Jurisdiction." id at 858. It is doubtful the same court that decided Katner would hold differently

10  in the present case where Plaintiff has listed only residences and, in so doing, has failed to

11  establish citizenship.

12

13              **III.    ARGUMENT**

14  **A.      Defendant has met his burden of proof to establish the amount in controversy does**

15  **not exceed $75,000.**

16          (1).   **Burden of Proof:**

17          As noted in Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F3d. 1102 (9th Cir.

18  2010): "Where the plaintiff originally files in federal court the amount in controversy is

19  determined from the face of the pleadings'" id. at 1106.  (Citing Crum v. Circus Circus

20  Enterprises 231 f.3d. 1129,1131 (9th Cir. 2000)). "The amount in controversy alleged by the

21  proponent of federal jurisdiction-typically the plaintiff in the substantive dispute—controls so

22  long as the claim is made in good faith. id. "To justify dismissal, it must appear to a legal

23  certainty that a claim is really for less than the jurisdictional amount. (internal quotation omitted).

24  This is called the 'legal certainty standard', which means a federal court has subject matter

25  jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the

26  DEFENDANT, JOSEPH SAMEC'S                          JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK                         838 NORTH CHARTER DR.
    OF SUBJECT MATTER JURISDICTION                     COVINA, CA 91724
27  28 U.S.C. 1332                                      626-482-6173

1  necessary amount.' <u>Exhibitions</u> at 1106 citing <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>,
2  303 U.S. 283, 292, (1938).

3      In the present case, it is submitted the "legal certainty" standard is satisfied because
4  Plaintiff has failed to establish any amount in controversy:

5      **(a)  Plaintiff has failed to establish Defendant is responsible for any losses**
6  **Plaintiff allegedly suffered by the closure of the marijuana farm:**

7      Plaintiff's apparent claim that he should recover an untold amount from the loss of his
8  marijuana business is without merit. Although he alleges, he and Guy Griffithe invested in
9  excess of three million dollars ($3,000,000) to develop the operation, he fails to establish any
10  dollar amounts lost from its closure as a result of Defendant's alleged wrongdoing, nor does he
11  cite any wrongdoing at all by Defendant regarding the LCB investigation. This oversight pales in
12  comparison, however, in his attempt to claim Defendant is somehow civilly liable for any lost
13  income due to its closure. It would be ludicrous to believe that a whistleblower who reports
14  wrongdoing to a government agency, thereby igniting an investigation wherein a different type
15  of wrongdoing is discovered, could be found civilly liable for defamation. It matters not the basis
16  of the complaint to the LCB, or whether Plaintiff's wrongdoing was reported by Defendant,
17  Samec, or one of the several Doe defendants captioned in this suit. The closure of the marijuana
18  operation was a direct result of Plaintiff's unwillingness to abide by the simplest of regulations
19  regarding the management of a corporation, or LLC. Defendant may or may not have been the
20  whistle blower, that is immaterial. What is material is that the closure of the marijuana farm is a
21  self-created hardship. Plaintiff, himself brought about the downfall of his business.

22      Because, Green Acres Pharms was an LLC, any loses it may have suffered are Green
23  Acres Pharms losses, not Plaintiff's personal losses. Therefore, Plaintiff does not have standing
24  to bring this suit.

25
26  DEFENDANT, JOSEPH SAMEC'S                    JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK                   838 NORTH CHARTER DR.
    OF SUBECT MATTER JURISDICTION                COVINA, CA 91724
27  28 U.S.C. 1332                                626-482-6173

1  Because, Green Acres Pharms principle office address is in California, the same state in

2  which defendant, Joseph Samec has at least minimum contacts. Any diversity claim regarding

3  Green Acres Pharms under 28 U.S.C. §1332 (a) (1) is defeated. Therefore, Plaintiff cannot claim

4  any losses allegedly suffered by Green Acres Pharms.

5  **(i)Plaintiff lacks standing to assert any cause of action on behalf of the**

6  **marijuana farm.**

7  Because the marijuana farm is an LLC. Therefore, it is a legal separate entity. Therefore,

8  Plaintiff lacks standing to bring suit on its behalf.

9  **(ii) This court does not have jurisdiction to hear a case between the**

10  **marijuana farm and Defendant, Joseph Samec,**

11  Even if, arguendo, Plaintiff could bring suit on behalf of the marijuana farm. There is no

12  diversity of parties because the marijuana farm is an LLC with a principle place of business in

13  California, and Defendant, Joseph Samec has at least minimum contacts with California, therefor

14  there is no diversity of parties.

15  **(b) Plaintiff has failed to establish any dollar amount suffered by the**

16  **withdraw of the alleged mineral rights investors**

17  Plaintiff is unable to prove any monetary loss resulting from the alleged phone calls he

18  claims were placed to prospective investors by Defendants Samec and Bishop. Nowhere on the

19  face of the complaint does the Plaintiff cite any evidence at all, let alone any credible evidence,

20  that the alleged mineral deposits were already paying off, or would pay off in the future, or that

21  he had, himself invested anything. Nowhere on the face of the complaint does Plaintiff allege

22  any contract was executed by any of the alleged "investors." Nor did Plaintiff state any dollar

23  amount he allegedly lost as a result of the potential investors losing interest, if, in fact, there was

24  any interest to begin with. Instead, Plaintiff laments the alleged "fact" that "Russell lost the

25

26  DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
27  28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

1   multi-million dollars investment." This contention falls apart on at least two levels: 1st.: By

2   Russell's own words, he was at the time of the alleged interference by Defendant's Samec and

3   Bishop, <u>attempting</u> to secure investors. Nowhere in the complaint does Russell state that he had

4   actually secured any investors. Therefore, any claimed losses are merely speculative.: 2nd.: The

5   alleged investment money was not his to lose. From his own words, the investment money was

6   to go "toward mineral rights in a Washington property," not to him personally. By his own words

7   the money was to be used as an investment toward the development of mineral rights, not to go

8   into his bank account. It is submitted this is the same mindset that has led to the U.S. Security

9   and Exchange Commission to charge him with defrauding investors in the marijuana farm

10   scheme.  Finally, nowhere in the complaint does Russell state the property was his, or that he had

11   secured a contract for its purchase this should not be assumed. Nor did he claim to have invested

12   any of his own money toward the purchase, lease, or development of the alleged mineral-rich

13   property.

14      Plaintiff's claims of loss are, at best, merely speculative. Nowhere on the face of the

15   complaint can it be determined that Plaintiff lost any money.

16           **(c) <u>Plaintiff's alleged losses pertaining to the Florida entertainment club</u>**

17   **<u>are purely speculative</u>**

18      As noted, supra, (P. 8, Lines 1-8) Plaintiff claims Defendant, Bishop "sought to

19   convince prospective customers to avoid Russell's entertainment club. Nowhere in the complaint

20   is it stated that Bishop succeeded in turning any customers away, or that any of the "potential

21   customers" were at any time interested in patronizing his strip club. Nowhere in the complaint

22   does Russell cite—or even estimate--a specific dollar amount lost by Bishop's alleged attempt to

23   undermine the business dealings of the "entertainment club." Therefore, it is submitted, any loss

24   claimed by Plaintiff constitutes nothing more than unfounded supposition.

25

26   DEFENDANT, JOSEPH SAMEC'S             JOSEPH SAMEC, PRO PER
     MOTION TO DISMISS FOR LACK            838 NORTH CHARTER DR.
     OF SUBECT MATTER JURISDICTION        COVINA, CA 91724

27   28 U.S.C. 1332                               626-482-6173

1   **(d) <u>Plaintiff lacks standing to assert any cause of action on behalf of the</u>**

2   **<u>Florida Entertainment club</u>**

3       Finally, as noted, supra (P. 8, Lines 11-13) Russell's "entertainment club," Grandview

4   live, is an alter ego for DBPR-2D2G Corporation, doing business as "Grandview Live." With an

5   address in Daytona Beach Florida. Because DBPR-2D2G is a Corporation, and therefore a

6   separate entity, and because "Grandview Live" is situated in Florida, wherein Plaintiff contends

7   Defendant, Sean Bishop, has at least minimum contacts, Plaintiff, Robert Russell, has no

8   standing to bring an action claiming any losses suffered by Grandview Live in this court.

9                    **IV.    CONCLUSION**

10      Plaintiff, Robert Russell has failed to meet any of the requirements to establish diversity for

11  subject matter jurisdiction by this court under § 28 U.S.C. 1332. He is unable to document any

12  amount controversy—let alone in excess of $75,000+--resulting from Defendants' alleged

13  wrongdoing. Nor has he met the foundational requirement that he establish diversity of

14  citizenship of the parties.

15      It is therefore respectfully submitted the complaint that is now before the court as Case

16  No.: 2:20-cv-00263 is fatally and irreparably flawed on its face and should properly be dismissed

17  without leave to amend.

18

19  Dated April 9, 2020

20  By: _____:

        Joseph Samec in Pro Se

21

22      838 North Charter Drive,
        Covina, CA 91724
        (626) 482-6173

23

24

25

26  DEFENDANT, JOSEPH SAMEC'S                       JOSEPH SAMEC, PRO PER
    MOTION TO DISMISS FOR LACK                      838 NORTH CHARTER DR.
    OF SUBECT MATTER JURISDICTION                   COVINA, CA 91724
27  28 U.S.C. 1332                                   626-482-6173

                    CASE NO. 2:20-CV-00263    13

# EXHIBITS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DEFENDANT, JOSEPH SAMEC'S                              JOSEPH SAMEC, PRO PER
      MOTION TO DISMISS FOR LACK                             838 NORTH CHARTER DR.
26    OF SUBECT MATTER JURISDICTION                          COVINA, CA 91724
      28 U.S.C. 1332                                         626-482-6173

27                                 CASE NO. 2:20-CV-00263

# EXHIBIT 1

1

2

Referenced

3

Page 12, Line 8, 9

4

5

Footnote, Page 3

6

7

8

9

US. Securities and Exchange Commission online press release:

10

Case No: 8:20-cv-00124 (C.D. filed January 21, 2020)

11

12

13

Securities and Exchange Commission v. Guy Scott Griffithe, Robert William

14

Russell, Renewable Technologies Solution, Inc., Green Acres Pharms, LLC,

15

16

SMRB, LLC  Defendants, and Sonja Marie Russell, Relief Defendant.

17

18

19

20

21

22

23

24

25

DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
28 U.S.C. 1332

26

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

27

CASE NO. 2:20-CV-00263

 U.S. SECURITIES AND
EXCHANGE COMMISSION

Search SEC Documents [        ] Go
Company Filings   More Search Options

ABOUT
DIVISIONS & OFFICES
ENFORCEMENT
REGULATION
EDUCATION
FILINGS
NEWS

## SEC Files Charges Against Scheme to Sell Fictitious Interests in Marijuana Company

**Litigation Release No. 24722 / January 21, 2020**

*Securities and Exchange Commission v. Guy Scott Griffithe, Robert William Russell, Renewable Technologies Solution, Inc., Green Acres Pharms, LLC, and SMRB, LLC, Defendants, and Sonja Marie Russell, Relief Defendant*, No. 8:20-cv-00124 (C.D. Cal. filed January 21, 2020)

The Securities and Exchange Commission today charged Guy S. Griffithe and Robert W. Russell, and three companies they controlled, for an alleged scheme that defrauded investors who thought they were purchasing interests in a Washington-licensed recreational cannabis company out of approximately $4.85 million.

The SEC's complaint alleges that between August 2015 and December 2017, Griffithe, of California, used Renewable Technologies Solution, Inc., an entity he controlled, to sell investors purported ownership interests in SMRB LLC, a Washington company owned by Russell that held a license to grow marijuana under the state's

recreational cannabis laws. According to the complaint, Griffithe and Russell led investors to believe their investments in Renewable would be used to operate SMRB, but in reality the securities did not convey any legitimate stake in SMRB. Instead, Griffithe allegedly spent approximately $1.8 million of investor funds on personal and unrelated business expenses, including payments toward several luxury cars for himself and a yacht for Russell. Griffithe also allegedly deposited approximately $1.7 million into Russell's personal bank accounts. To create the illusion that the marijuana business was profitable and paying dividends as promised, Griffithe allegedly paid out purported profit distributions to some investors, which were partially funded in a Ponzi-like fashion using funds from other investors.

The SEC's complaint, filed in federal court in California, charges Griffithe, Russell, Renewable, SMRB, and Green Acres Pharms LLC with violating the antifraud provisions of the federal securities laws. In addition, the complaint charges Griffithe, Renewable, and Green Acres Pharms with violating the registration provisions of the federal securities laws. The complaint, which also names Russell's wife, Sonja Russell, as a relief defendant, seeks permanent injunctions, return of allegedly ill-gotten gains with prejudgment interest, and civil penalties.

The SEC's investigation was conducted by Adam Eisner, HelenAnne Listerman, and Shipra Wells. The investigation was supervised by Joshua Felker. Duane Thompson will conduct the litigation for the SEC under the supervision of Fred Block.

The SEC acknowledges the assistance of the Washington State Office of the Attorney General and Washington State Liquor and Cannabis Board.

- SEC Complaint
- **ENFORCEMENT**
  - Accounting and Auditing Enforcement Releases
  - Administrative Proceedings
  - ALJ Initial Decisions
  - ALJ Orders
  - Amicus / Friend of the Court Briefs
  - Delinquent Filings
  - Fair Funds
  - Information for Harmed Investors
  - Litigation Releases
  - Opinions and Adjudicatory Orders
  - Receiverships
  - Stop Orders
  - Trading Suspensions

*Modified: January 21, 2020*

# EXHIBIT 2

Referenced

Page 6, Line 9

California Secretary of State Online Business Search Results.

Re: Green Acres Pharms, LLC

DEFENDANT, JOSEPH SAMEC'S
MOTION TO DISMISS FOR LACK
OF SUBECT MATTER JURISDICTION
28 U.S.C. 1332

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263

DBA Name:

## REGISTERED AGENT

| Registered Agent Name | Street Address | Mailing Address |
| --- | --- | --- |
| BUSINESS FILINGS INCORPORATED | 711 CAPITOL WAY S, SUITE 204, OLYMPIA, WA, 98501, UNITED STATES | 711 CAPITOL WAY S, SUITE 204, OLYMPIA, WA, 98501, UNITED STATES |

## PRINCIPAL OFFICE

Phone:

Email:
**GUY@BRIDGEGATEPICTURES.COM**

Street Address:
**30251 GOLDEN LANTERN STE E405, LAGUNA NIGUEL, CA, 92677-5993, UNITED STATES**

Mailing Address:

## GOVERNORS

| Title | Governor Type | Entity Name | First Name | Last Name |
| --- | --- | --- | --- | --- |
| GOVERNOR | INDIVIDUAL | | GUY | GRIFFITHE |
| GOVERNOR | INDIVIDUAL | | ROBERT | RUSSELL |

## DATE OF FORMATION IN HOME JURISDICTION

Date of formation in its Home Jurisdiction:
**02/01/2017**

## PERIOD OF DURATION IN HOME JURISDICTION

Duration:
**PERPETUAL**

## EFFECTIVE DATE

Effective Date:
**08/07/2018**

## NATURE OF BUSINESS

Nature of Business:
**ADMINISTRATION & BUSINESS SUPPORT SERVICES**

## TRANSFER OF REGISTRATION

For Transfer of Registration refer RCW 23.95.545

## ANNUAL FEE CALCULATIONS

| Filing Name | Annual year | Fee |
| --- | --- | --- |
| FOREIGN REGISTRATION STATEMENT | | $180.00 |

This document is a public record. For more information visit www.sos.wa.gov/corps



Office of the Secretary of State
Corporations & Charities Division

<table>
<tr><td>Filed<br>Secretary of State<br>State of Washington<br>Date Filed: 08/07/2018<br>Effective Date: 08/07/2018<br>UBI #: 604 093 783</td></tr>
</table>

# FOREIGN REGISTRATION STATEMENT

## BUSINESS INFORMATION

Business Name:
**GREEN ACRES PHARMS LLC**

UBI Number:
**604 093 783**

Business Type:
**FOREIGN LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**30251 GOLDEN LANTERN STE E405, LAGUNA NIGUEL, CA, 92677-5993**

Principal Office Mailing Address:

Expiration Date:
**08/31/2019**

Jurisdiction:
**UNITED STATES, NEVADA**

Formation/Registration Date:
**08/07/2018**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**ADMINISTRATION & BUSINESS SUPPORT SERVICES**

## ENTITY NAME

Entity Name:
**GREEN ACRES PHARMS LLC**

## JURISDICTION

Country:
**UNITED STATES**

State:
**NEVADA**

## DOING BUSINESS AS (DBA) NAME   RCW 23.95.525

| REINSTATEMENTS, FOREIGN REGISTRATIONS ANNUAL REPORT FEE | 02/28/2018 | $60.00 |
|---|---|---|
| PROCESSING | | $20.00 |
| | **Total :** | **$260.00** |

## RETURN ADDRESS FOR THIS FILING

Attention:
**GUY GRIFFITHE**

Email:
**GUY@BRIDGEGATEPICTURES.COM**

Address:

## CERTIFICATE OF EXISTENCE

| Document Type | Source | Created By | Created Date |
|---|---|---|---|
| CERTIFICATE OF EXISTENCE | ONLINE | GREEN ACRES PHARMS LLC | 06/12/2018 |

## STAFF CONSOLE - CERTIFICATE OF EXISTENCE IS INCLUDED

Certificate of Existence is included? - **Yes**

## UPLOAD ADDITIONAL DOCUMENTS

| Name | Document Type |
|---|---|
| Cert of Good Standing.pdf | |

## EMAIL OPT-IN

☐   I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

## AUTHORIZED PERSON - STAFF CONSOLE

☑   Document is signed.

Person Type:
**ENTITY**

First Name:
**GUY**

Last Name:
**GRIFFITHE**

Entity Name:
**GREEN ACRES PHARMS LLC**

Title:
**MANAGING MANAGER**

---

Alex Padilla
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, April 6, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201704510123    GREEN ACRES PHARMS LLC

| | |
|---|---|
| **Registration Date:** | 02/02/2017 |
| **Jurisdiction:** | NEVADA |
| **Entity Type:** | FOREIGN |
| **Status:** | SOS FORFEITED |
| **Agent for Service of Process:** | (AGENT RESIGNED 10/08/2019) |
| | * |
| **Entity Address:** | 200 S MAIN STREET #305 |
| | CORONA CA 92882 |
| **Entity Mailing Address:** | 200 S MAIN STREET #305 |
| | CORONA CA 92882 |
| **LLC Management** | * |

| Document Type | ↕ | File Date | ↕ | PDF |
|---|---|---|---|---|
| AMENDMENT | | 10/08/2019 | | |
| SI-COMPLETE | | 02/22/2017 | | |
| REGISTRATION | | 02/02/2017 | | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**      **New Search**      **Back to Search Results**

# EXHIBIT 3

1

2

3

4    Referenced

5    Page 8, Line 11, 12

6

7

8

9              Online Licensee Details. / License Information.

10                        Re: Grandview Live

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DEFENDANT, JOSEPH SAMEC'S                          JOSEPH SAMEC, PRO PER
      MOTION TO DISMISS FOR LACK                          838 NORTH CHARTER DR.
      OF SUBECT MATTER JURISDICTION                       COVINA, CA 91724
26    28 U.S.C. 1332                                      626-482-6173

27                        CASE NO. 2:20-CV-00263

*5:25:41 PM 4/7/2020*

## Licensee Details

### Licensee Information

| | |
|---|---|
| Name: | **2D2G CORP** (Primary Name) |
| | **GRANDVIEW LIVE** (DBA Name) |
| Main Address: | **640 N. GRANDVIEW AVENUE** |
| | **DAYTONA BEACH  Florida  32118** |
| County: | **VOLUSIA** |
| | |
| License Mailing: | **640 N GRANDVIEW AVE** |
| | **DAYTONA BEACH SHORES  FL   32118** |
| County: | **VOLUSIA** |
| | |
| LicenseLocation: | **640 N. GRANDVIEW AVENUE** |
| | **DAYTONA BEACH   FL   31118** |
| County: | **VOLUSIA** |

### License Information

| | |
|---|---|
| License Type: | **Retail Beverage** |
| Rank: | **4COP** |
| License Number: | **BEV7400230** |
| Status: | **Current,Active** |
| Licensure Date: | **01/08/2009** |
| Expires: | **03/31/2021** |

| **Special Qualifications** | **Qualification Effective** |
|---|---|
| **Invoice Sent** | **12/16/2008** |
| **Cash on Delivery** | **04/01/2020** |
| **Dual Beverage and Tobacco License** | **11/05/2008** |
| **Quota License** | **11/05/2008** |
| **Liens** | |
| **Stand-Alone Bar without Food** | **11/30/2015** |

**Alternate Names**

**View Related License Information**
**View License Complaint**

WAWD – Certificate of Service (Revised 12/27/12)

1

2

3

4

5                    **UNITED STATES DISTRICT COURT**
                    **WESTERN DISTRICT OF WASHINGTON**

6    Robert Russell an individual

7

8            Plaintiff(s),

9    v.                                    2:20-cv-00263

                                  Case No. _____
10   Joseph Samec, an individual
     Sean Bishop, an individual, and
                                          **CERTIFICATE OF SERVICE**
     Does 1 - 10
11

12           Defendant(s).

13   I hereby certify that on    April 9, 2020                I electronically filed the foregoing

14   with the Clerk of the Court using the CM/ECF system which will send notification of such
     filing to the following:

15   bthoreson@buchalter.com, mbrandt@buchalter.com, tsempel@buchalter.com,
     docket@buchalter.com, kfitzgerald@buchalter.com

16

17   and I hereby certify that I have mailed by United States Postal Service the document to the
     following non CM/ECF participants:

18   Brad Thoreson, Buchalter
     1420 Fifth Ave. , Suite 3100 Seattle, WA 98101

19
     Dated    April 9, 2020
20                                  Sign or use a "s/" and your name

21                                  Joseph Samec in Pro Per
                                    838 N. Charter Dr.
22                                  Covina Ca 91724
                                    626-482-6173
23                                  josephsamec5@gmail.com

24

25
                                    Name, Address and Phone Number of Counsel or Pro Se

     **CERTIFICATE OF SERVICE**           Page  of