HONORABLE J. RICHARD CREATURA

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT RUSSELL, individually, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH SAMEC, individually; SEAN BISHOP, individually; and JOHN DOES 1-10, <br><br> Defendants. | Case No. 2:20-cv-00263-JRC <br><br> **PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC** <br><br> **NOTE ON MOTION CALENDAR: MAY 29, 2020** |

## I. INTRODUCTION

Under LCR 5, this Court should seal exhibits 1 – 12 (the "Exhibits") attached to the Declaration of Robert Russell ("Russell Declaration")[1] because they contain offensive, outrageous, and defamatory materials published by Defendants Joseph Samec and Sean Bishop on various social media accounts. Federal courts in the Western District of Washington have discretion to seal files and records if there is a compelling reason to do so, including the potential for dissemination of defamatory materials.

Here, the Exhibits plainly contain defamatory and lewd materials about Plaintiff Robert Russell – publications that Russell seeks to have de-published by means of his motion for

---

[1] Russell files his declaration in support of the contemporaneously filed Motion for Preliminary Injunction.

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-1
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2

preliminary injunction. Allowing such materials to continue circulating in public undermines the relief Russell seeks from this Court, and will further compound the damages that Russell has already suffered. As such, Russell requests that this Court seal the Exhibits to prevent any further dissemination of defamatory materials as well as further harm to Russell.

## II. STATEMENT OF RELEVANT FACTS

For over a year, Defendants Joseph Samec and Sean Bishop have published and continue to publish offensive, defamatory, and outrageous material about Plaintiff Robert Russell.[2] The Exhibits contain the following outrageous and offensive material:

- Digitally-edited nude depictions of Russell;
- Digitally-edited photos of Russell with captions that he stole money;
- Images of Russell with affirmative statements that Russell engaged in Ponzi schemes and/or committed crimes (e.g., larceny, embezzlement); and
- Image of Russell with caption that he is under investigation by the FBI and Department of Justice.[3]

Russell has made it very clear that such statements are outrageous, offensive, and total fabrications.[4]

Since Defendants began publishing this false and offensive information about him, Russell's friends and acquaintances have approached Russell to ask about the outrageous depictions and allegations against him.[5] These individuals either saw the publications on social media, or heard about them directly from Defendants.[6] Some have expressed anger towards Russell, and he has lost friends over the allegations.[7] These interactions have humiliated, embarrassed, and angered Russell, who now suffers from insomnia, stress, dejection, anxiety,

---

[2] Dkt. # 20 at pp. 3-4, ¶13.
[3] *Ibid.*
[4] *See id.* at p. 4, ¶14.
[5] *Id.* at p. 4, ¶15.
[6] *Ibid.*
[7] *Ibid.*

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-2
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2

and a decreased appetite.[8]

Russell also feels unsafe in his own community due to Samec's publications, which have stirred up anger and resentment toward Russell.[9] Indeed, Samec has repeatedly encouraged others to share his posts on social media to purportedly rile up public resentment of Russell.[10] Samec has even advocated for physical violence against Russell.[11]

### III. CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5(G)(3)

Counsel for Plaintiff, Teva F. Sempel, certifies that on May 4, 2020, he sent an email to Joseph Samec requesting that the parties agree to stipulate to seal the Exhibits because they contained defamatory materials.[12] On the same day, Joseph Samec responded that he would not agree to stipulate the sealing any documents.[13]

### IV. LEGAL ARGUMENT

This Court should seal the Exhibits because they contain offensive, outrageous and defamatory materials published by Defendants Samec and Bishop. This Court has discretion to seal files and records, including the materials at issue here.[14] Under LCR 5(g)(3)(B), a motion to seal must contain a specific statement of the applicable legal standard and address:

(1)  the legitimate private/public interests that warrant the relief sought;

(2)  the injury that will result if the relief sought is not granted; and

(3)  why a less restrictive alternative to the relief sought is not sufficient.

Although a presumption exists in favor of access to judicial records, Russell can overcome this by showing "compelling reasons" to seal the Exhibits.[15] A compelling reason exists if there is the potential for dissemination of defamatory materials.[16]

---

[8] Dkt. # 20 at p. 4, ¶17.
[9] *Id.* at p. 4, ¶15.
[10] *Id.* at pp. 3-4, ¶¶13, 15-16.
[11] *Id.* at pp. 3-4, ¶13.
[12] Declaration of Teva Sempel, ¶¶4-5, Ex. 1.
[13] *Id.* at ¶5, Ex. 1
[14] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[15] *Kamakana*, 447 F.3d at 1178.
[16] *Id.* at 1179.

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-3
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2

Here, Russell has a compelling reason to seal the Exhibits, which contain outrageous and defamatory materials. Although the public has an interest in access to judicial records, the Supreme Court has recognized that people like Russell have a prevailing interest in protecting their reputation from further harm.[17] And the Ninth Circuit has said that a "compelling reasons" sufficient to outweigh the public's interest in disclose and justify sealing records exists if there is a risk of further circulation of defamatory materials.[18] As such, the Exhibits should be sealed.

If this Court does not seal the Exhibits, Russell will be subject to perpetual harm. So long as these materials circulate in public, he will continue to suffer severe emotional distress and further damage to his reputation and ability to do business. Moreover, Russell has already narrowly tailored the Exhibits to ensure that nothing within the actual pleadings requires redaction. Only the offending materials need to be sealed. If this Court does not seal these documents, Bishop and Samec will continue to use these materials to harass, defame and otherwise harm Russell in all aspects of his life. As such, this Court should seal the Exhibits to prevent any further dissemination of defamatory materials and further harm to Russell.

## V. CONCLUSION

Because there are compelling reasons to do so, this Court should grant Russell's motion and seal the Exhibits to prevent further dissemination of the offensive, outrageous and

---

[17] *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 22, 110 S. Ct. 2695, 2708, 111 L. Ed. 2d 1 (1990) ("The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty.")(quoting *Rosenblatt v. Baer*, 383 U.S. 75, 92 (1966)(concurring opinion); *Cf. Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974)(emphasis added)([T]here is *no constitutional value in false statements of fact*. Neither the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues. They belong to that category of utterances which 'are no essential part of any exposition of ideas, and are of *such slight social value* as a step to truth that *any benefit that may be derived from them is clearly outweighed by the social interest in order and morality*.) (internal citations omitted).

[18] *Kamakana*, 447 F.3d at 1179 (9th Cir. 2006)("[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."); *see also, Spreadbury v. Bitterroot Pub. Library*, CV 11-64-M-DWM-JCL, 2011 WL 5530577, at *2 (D. Mont. Nov. 14, 2011)(granting motion to seal because plaintiff's perception that police report contained defamatory information satisfies the compelling reasons standard).

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-4
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2

defamatory material that are the subject of this Complaint.

Dated: May 14, 2020                         BUCHALTER

By: */s/ Brad P. Thoreson*
Brad P. Thoreson, WSBA #18190
Teva F. Sempel, WSBA #54896
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052
Email: bthoreson@buchalter.com
Email: tsempel@buchalter.com

*Attorneys for Plaintiff Robert Russell*

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-5
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system which will send notification to the counsel of record in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Marci L. Brandt*
Marci L. Brandt, Legal Assistant

PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-6
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40419802v2