UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT RUSSELL, Individually<br><br>Plaintiff,<br><br>V.<br><br>JOSEPH SAMEC, INDIVIDUALLY: SEAN BISHOP, INDIVIDUALLY: AND DOES 1-10<br><br>Defendants | Case No.: 2:20-cv-00263<br><br>Hon. Ricardo S. Martinez, Judge.<br><br>DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL<br><br>CALENDARED DATE: 5/29/2020 |

**TO ALL INTERESTED PARTIES**

By and through this document, Defendant, Joseph Samec (Mr. Samec) respectively opposes Plaintiff's (Robert Russell's) motion to seal certain document exhibits in the case currently before this court.

///

///

1DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAINTIFF'S PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263    1

## I.   BACKGROUND

Plaintiff, Robert Russell, has filed the instant suit against Joseph Samec, alleging Defamation, Outrage, Tortious Interference, False Light, and requesting Injunctive Relief. In support of the allegations, Plaintiff has included as Exhibits several social media postings he wrongly attributes to Defendant Samec. With the present motion, Plaintiff has requested this court to seal these several social media postings he claims should not be seen by members of the public.

## II.   ARGUMENT

**Plaintiff has not shown good cause to seal the exhibits.**

Plaintiff has submitted two cases upon which he relies in support of his motion to seal. Neither is persuasive.

On Page 4 of his Motion to Seal, Plaintiff cites Milkovich v. Lorain Journal Co. 497 U.S. 1, 22 (1990). While this case addresses the issue of defamation, and whether a second opinion privilege exists against libel, the Supreme Court's determination is absolutely silent on the sealing of documents. Nowhere in the holding of the court does the words "seal," "sealed," or "sealing" appear. It is therefore submitted that Milkovich v. Lorain Journal Co. 497 U.S. 1, (1990) is not relevant to the motion before this court.

Plaintiff has also included Kanakana v. City and County of Honolulu 447 F3d. 1172 (9th Cir. 2006) wherein the appellate court upheld the unsealing of official records related to an investigation of possible police corruption. In support of their holding the court noted: "**** the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the

2DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAINTIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263    2

public is entitled to access by default." Id at 1180 citing Nixon v. Warner Commc'ns, Inc. 485 U.S. 589, 597 (1978).

In their holding the appellate court relies heavily on Folz v. State Farm Mut. Auto Ins. Co. 33 F 3d 1122 (9th Cir. 2003). In Folz, the appellate court upheld the unsealing of documents previously filed under seal. In so doing the court stated: "The supreme court recognized the federal common law right 'to inspect and copy public records and documents filed in civil cases. Id at 12134 (citing Nixon v. Warner Communications 435 U.S. 598, 597). In further support to their holding, the Folz court at 1136 noted: [a] litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection." In the present case, Plaintiff Russell has cited nothing more than alleged embarrassment as cause for sealing the exhibits he has included with his complaint. It is submitted none of the courts cited supra would find good cause in plaintiffs' motion.

### III.   CONCLUSION

Plaintiff has failed to establish good cause why the exhibits he has chosen to include in support of his complaint should be sealed. The complaint as well as the documents are public record and this court should deny Plaintiff's motion.

Respectfully Submitted on this . 21st    . day of . May       ., 2020

*[signature: Joseph Samec]*

Joseph Samec

3DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAINTIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTER DR.
COVINA, CA 91724
626-482-6173

WAWD - Certificate of Service (Revised 12/27/12)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

Robert Russell an individual

    Plaintiff(s),

v.

Joseph Samec, an individual
Sean Bishop, an individual, and
Does 1-10

    Defendant(s).

Case No. 2:20-cv-00263

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

bthoreson@buchalter.com, mbrandt@buchalter.com, tsempel@buchalter.com, docket@buchalter.com, kfitzgerald@buchalter.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Sean Bishop

Dated   May 21, 2020

*/s/ Joseph Samec*

Sign or use a "s/" and your name

Joseph Samec In Pro Per
838 N. Charter Dr.
Covina Ca 91724
626-482-6173
josephsamec5@gmail.com

Name, Address and Phone Number of Counsel or Pro Se

CERTIFICATE OF SERVICE     Page of