1
2
3
4
5

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT RUSSELL, individually,<br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH SAMEC, individually<br>SEAN BISHOP, individually, and<br>DOES 1-10<br>　　　　　Defendant(s) | Case No.: 2:20-cv-00263<br><br>**Hon. Ricardo S. Martinez, Judge.**<br><br>**DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAINTIFF ROBERT RUSSELLS MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT JOSEPH SAMEC.**<br><br>**NOTED ON MOTION CALENDER:**<br>**June 5, 2020** |

**DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAINTIFF ROBERT RUSSELLS MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT JOSEPH SAMEC.**

///

///

| | |
|---|---|
| DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAITIFF'S PLAINTIFF'S MOTION TO SEAL | JOSEPH SAMEC, PRO PER<br>838 NORTH CHARTERDR.<br>COVINA, CA 91724<br>626-482-6173 |

## I. INTRODUCTION

1. In May 2016 Defendant Joseph Samec, (Samec) and his wife Brenda Samec (Brenda) entered into a contract titled Purchase of Shares of Interest Agreement (The Agreement) with Renewable Technologies Solutions Inc. (RTSI), to purchase shares of interest in SMRB, LLC a Washington Corporation (The Corporation) which carries on the business of grow and oil manufacturing under the operating name Green Acres Pharms (GAP) in the State of Washington.

2. The Agreement identifies Robert Russell (Russell), as 100% owner of SMRB, and Green Acres Pharms, then continues to identify Robert Russell, and Guy Griffithe (Griffithe) as 100% owners of RTSI, is 16 pages plus an addendum, and signed by both Russell, and Griffithe.

3. On pages 2 and 3 of The Agreement, under <u>Closing:</u> <u>No. 5 b:</u>  The Agreement states:   *The seller will take all steps necessary for the corporation to enter the purchaser, or its nominee, on the books of The Corporation, as the holder of interest.*

4. On page 3 of The Agreement, under: <u>Sellers Representations and Warranties, No. 9 a:</u>  The Agreement states: *The seller has full legal authority to enter into and exercise its obligations under this Agreement.*  <u>No. 9d:</u> <u>The Agreement states:</u> *The seller is the absolute beneficial owner of the interest, free and clear of any liens, charges, encumbrances or rights of others , and is exclusively entitled to dispose of the Ownership interest.*

5. On page 4 <u>No. 9 G:</u>  <u>The Agreement states:</u> *The Corporation is operating in accordance with all applicable laws, rules, and regulations of the jurisdictions in which it is carried on. In compliance with such laws, the seller has duly licensed, registered, or qualified the Corporation with the appropriate public authorities.* (A true and correct copy of the Samec contract is attached as Exhibit A).

///

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263     2

6. For Russell, and/or Griffithe to sell shares of, or infuse money into SMRB without first obtaining the approval of the Washington State Liquor and Cannabis Board (WSLCB) violates:

1) <u>WAC 314-55-035(1) True party of interest.</u>
2) <u>WAC 314-55-035 (2) Failure and refusal to provide requested documents.</u>
3) <u>WAC 314-ts. 55-035 (3) Misrepresentation of facts.</u>
4) <u>WAC 314-55-035 (5) True party of interest un-vetted funds.</u>

And thus is illegal under Washington state law, therefore Russell, and Griffithe violated Washington State law in regards to their sales of The Agreements mentioned supra. (A true and correct copy of the WSLCB report is attached as Exhibit B).

## FACTS SERVING TO OPPOSE PLAINTIFFS MOTION FOR INJUNCTIVE RELIEF

7. Russell states under facts giving rise to injunctive relief: A. <u>Russell invests in SMRB</u>, and meets Guy Griffithe. Russell did not invest in SMRB. LLC. But rather created SMRB. LLC., Griffithe in fact invested in SMRB. LLC., using RTSI as a carrier. In violation of Washington State law, as neither Griffithe, nor RTSI can invest in SMRB. LLC., dba GAP., without himself, and the invested funds first having been vetted by the WSLCB. Again this is a violation of Washington State law, *WAC 314-55-035(5)*.

**A. The Guy Griffithe Scheme:**

8. Russell claims Griffithe raised millions of dollars from third party investors without his knowledge, or approval, and that his, Russell's signature was either forged or digitally edited on documents with investors.

//
///

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263    3

9. Griffithe attests under oath at both 341 meetings for RTSI's bankruptcy Case No. 20-10285-abl in the District of Nevada that the investor's money from The Agreements had been wired to Russell's personal bank account, most particularly the investment funds of Samec were wired directly to Russell's account, Griffithe presented the RTSI bank statements to Samec as evidence. Russell also fails to mention, he Russell has had other business involvement with Griffithe in the past such as Alliance Auto Group, Outlaw Printing, and Outlaw Offshore Racing, in turn Russell should have been well aware of Griffithe's business practices.

10. Russell claims to have had no knowledge of Griffithe's dealings with investors, however Russell accepted up to four million dollars ($ 4,000,000.00) from RTSI, for SMRB, as stated under oath by Griffithe at RTSI's 341 bankruptcy meeting in Nevada, on April 29, 2020.

11. Russell claims in the Securities and Exchange Commission (The SEC) complaint that The SEC alleges only RTSI, and Griffithe committed fraud, and operated a Ponzi scheme. In fact The Sec complaint is not limited to RTSI, GAP, and Griffithe, nor did it exclude Russell from the allegations of fraud, or involvement in a Ponzi scheme, see paragraph 89 of the SEC complaint. Simply denying the allegations in The SEC complaint does not discredit his actions. (A true and correct copy of The SEC complaint is attached as Exhibit C).

**B. Russells claims against Samec and Bishop allege Outrageous and Defensive Material about Russell.**

12. Russell claims Samec met Defendant Sean Bishop (Bishop) in 2018 to date Samec has never met Bishop, nor does Samec have or ever had an Instagram account. Russell claims Samec and Bishop made an agreement to make fake Facebook accounts, Samec has no agreements with anybody including Bishop to create any fake accounts, on any social media sites, nor has he.

///

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263   4

13. Samec is not "Ben Thieven", or "Dave Snothere", and is not in control of these accounts, nor does he know the owner of said accounts, and they are not under his direction.

14. Russell is currently a named Defendant in at least 3 State Court Civil Actions, 1 SEC Civil Action, and the debtor in 1 bankruptcy filing, and it is alleged by the SEC that Russell sold fake securities to <u>at least</u> twenty five investors, to which any number of those investors could be "Ben Thieven", or "Dave Snothere".

15. Russell's claims the accounts of "Ben Thieven", and "Dave Snothere" have the same IP Address as Samec's Facebook account is impossible, as each computer devise has its own IP address, and IP addresses change frequently.

16. Russell also claims the Facebook accounts of "Ben Thieven", " Dave Snothere", and Joe Samec share many of the same friends, in fact the Facebook account of Joe Samec, does have 21 friends in common with "Dave Snothere", and 9 friends in common with "Ben Thieven", and Samec is not friends with "Ben Thieven", on Facebook, or at all and has no knowledge of who he is, although Samec is friends with "Dave Snothere" on Facebook , Samec has never met him or spoken with him. (A true and correct copy of "Ben Thieven" and "Dave Snothere" Facebook friends page is attached as Exhibit D).

17. Russell in his attempt to blame Samec, for his woes has filed this Frivolous complaint against Samec, using the same baseless allegations and IP addresses as his co defendant Griffithe, in the SEC complaint, used in an attempt to file a restraining order against Samec, Case no. 18 STRO08988 filed on December 21, 2018, by Griffithe in The Superior Court of The State California County of Los Angeles. This case was dismissed with prejudice without the need for the judge to take matters under submission. (A true and correct copy of the CRO dismissal is attached as Exhibit E).

18. Russell fails to mention to the court in the same time as Russell allegedly hired Chris Adams to "investigate" the identities of "Ben Thieven", and "Dave Snothere" several fake Instagram accounts surfaced, with hashtags using the names of Samec,

DEFENDANT, JOSEPH SAMEC'S OPPOSITION TO PLAITIFF'S PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263   5

and his wife, as well as many others, upon research it has been discovered that each of the identities used to create these fake accounts currently, or previously have been involved in court actions against Russell, and one of Russell's codefendants Griffithe.

19. Samec found out about the demeaning, and lewd postings from co-workers who had seen the photo's on the Union website where Samec works, after the website had been attacked with the, lies, and lewd images. It can only assume these accounts were created by Russell, and Griffithe or someone under their direction, due to the nature of the remarks made in the postings. (A true and correct copy of the postings are attached as Exhibit F).

### RUSSELL'S ALLEGED EMOTIONAL DISTRESS AND MENTAL SUFFERING.

20. Russell contends, he feels unsafe in his own community, alleging it is due to Samec's alleged postings, and alleged threats of violence by Samec. Russell's emotional distress is understandable; however Russell's emotional distress is not due to Samec, but may rather be due to the SEC civil case filed naming Russell as a defendant, and alleging Russell had defrauded at least 25 investors out of over $ 4,000,000.00, Russell is a named defendant in at least 4 State Civil actions throughout the country, and Russell's SEC charges were published as a headline story in over 30 internet news articles. Russell's woe's are a result of Russell's own doing, and have nothing to do with Samec.

### THE COURT SHOULD DISMISS RUSSELL'S MOTION FOR AN INJUNCTION AGAINST SAMEC

A. **Legal Standard for the Issuance of a preliminary Injunction**

21. In considering a motion for preliminary injunction, a court evaluates four factors.

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263    6

(1).     Likelihood of success: This fails as Russell has not sufficiently plead, or supplied any documents in support of his allegations against Samec, or his allegations that Samec is the alleged "Ben Theiven", or "Dave Snothere". Russell has however supplied a declaration from a "Chris Adams" alleging he "Chris Adams" has the qualifications to imply that Samec is in control of the said accounts of "Ben Thieven", and "Dave Snothere". However upon further review Chris Adams is a business partner of 2 of Russell's codefendants, in both State, and federal court.

(2).     Further while Chris Adams claims several computer related ratings of expertise, each of which is related to computer networking and/or virtual imaging not one of them is in any way connected with determining the location of an IP. address beyond the basic computer skills of the average layman.

(3).     Additionally, in an apparent attempt to bolster his claim of expertise, Mr. Adams claims in his declaration (page 2, Lines 15,16) that he used an unnamed "IP Geo locating tool" in order to make his determination as to the location of each IP address. This "tool" is nothing more than a free online website (IP LOCATION) that is accessible to anyone who is capable of typing "IP locator" in the search box of any internet provider.

(4).     That Russell will suffer irreparable harm absent injunctive relief is non-persuasive. Any harm caused to Russell is the direct result of his own actions, and business practices. One does not simply come under investigations from state, and federal agencies such as the WSLCB, and the SEC, by conducting a legal business enterprise.

(5).     The balance of equities does not tilt in Russell's favor: Russell has sought out investments, and loans from his friends, and others throughout the country, under false pretenses, with false information depicting these businesses as profitable, and capable of providing immediate return on the investment, in turn Russell has collected millions of dollars, for which he cannot account for, for these businesses, and that he has not paid back. As per the allegations made in the SEC complaint, and 3 of the state civil action Russell is named defendant.

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

1   (6).   Russell declares injunctive relief is in the public interest:
2 Russell's allegations are less than convincing as to how injunctive relief against Samec is in the
3 best interest of the public, as it will not quell the information posted by others, whom are not
4 Samec, about Russell, his business practices, the SEC civil Complaint, and the other numerous
5 civil lawsuits Russell is defendant in which allege fraud.

6   **B.   Russell's sought-after injunction is vague and overly broad**

8   22.   Plaintiff, Russell is asking this court to enjoin Defendant from
9 publishing "offensive and outrageous publications." This begs the question: Offensive to
10 whom? Outrageous to whom? Are we to allow Plaintiff to determine which publications meet
11 this standard? No doubt the SEC allegations alleging his participation in a Ponzi scheme, as
12 well as several other acts of dishonesty are offensive and outrageous to Plaintiff, particularly in
13 view of the fact the SEC published this information online.

14   **C.   Russell's claims that he has suffered emotional distress as a result the**
15 **alleged posting does not warrant enjoining Samec's 1st Amendment rights**

17   23.   Defendant, Samec, has a 1st amendment right to express his opinion.
18 Whether these opinions are actionable and, therefore, subject to injunctive relief is a question
19 of fact and will be taken up in the proper forum at the conclusion of this action.

20   24.   Russell makes many bold unsupported and false allegations against
21 Samec, throughout his complaint and this motion for preliminary injunction. A reasonable
22 person would certainly not file such a frivolous unsupported baseless civil action in federal
23 court, using only pictures manufactured by persons other than Samec, and a declaration of
24 Chris Adams, who is business partner to, 2 of Russell's codefendants. It could be assumed that
25 Russell has filed this action to create further hardship to Samec for cooperating with the
26 WSLCB, and the SEC, and filing a civil complaint in the The State of California in mid 2019
27 case no. RIC 1903005 to which Russell has evaded service of process thus far.

28

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

25. Here Russell attempts to bind Samec to this frivolous motion for an injunction fails, as Russell provides many false accusations against Samec.

### EXTREME AND OUTRAGEOUS PUBLICATION DESIGNED TO HURT RUSSELL

26. A exhaustive review of cases involving claims of outrageous conduct, including the case cited by Russell: Sutton v. Tacoma Sch. Dist, No. 10, 180, Wn App 859 (2014). Has yet to turn up any case basing any alleged actionable outrageous conduct based solely on social media postings. Russell throws out allegations but does not provide sufficient proof to support them. None of the elements of outrage found in the controlling cases have been met. Further, Samec denies these allegations in their entirety.

### EXTREME AND OUTRAGEOUS CONDUCT

27. Samec is unsure as to what conduct Russell considers to be extreme and outrageous, was it the civil lawsuit Samec filed in Riverside California case no. RIC 1903005 naming Russell as defendant, that Russell has evaded service of process for 11 months, was it the email Samec sent to Russell notifying Russell that the WSLCB, issued a document subpoena to Samec regarding Russell's Cannabis business, or that Samec gathered an abundance of information about Russell's Cannabis business, and supplied it to the SEC., after Russell called Samec and told Samec if he supplied information to the WSLCB, no one would get their money back.

28. Publicly accusing someone of a crime, as alleged by Russell is not outrageous, and Samec has not threatened Russell with physical harm.

29. Regardless the photo's Samec re-published, which were created by persons who are not Samec, and shared on social media by persons who are not Samec to

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

CASE NO. 2:20-CV-00263   9

1  which Russell has never confirmed he had seen from his personal account if he has one, are not
2  outrageous, therefore Russell's claims fails.

### INTENTIONALLY INFLICTED EMOTION DISTRESS.

6          30.    Although Samec did re-publish 9 posts from other people, Samec did not
7  re-publish the naked depictions of Russell, Samec did not request that anyone share these
8  particular posts, and there has been no threats of physical violence made by Samec towards
9  Russell. Therefore Samec denies the allegations he intentionally inflicted emotion distress
10 against Russell.

### RUSSELL PORTRAYED IN FALSE LIGHT.

13         31.    Samec denies all allegations that he portrayed Russell in false light, as
14 there is a civil complaint filed by the SEC, naming Russell as a defendant, and at least 4 civil
15 complaints filed in state civil court naming Russell as a defendant, 3 of which allege fraud as
16 does the SEC complaint, all are public information, and the SEC published target letter have
17 been the headline story in at least 30 online newspapers.

### IRREPARABLE HARM ABSENT IMMEDIATE INJUCTIVE RELIEF.

21         32.    Samec denies he has caused Russell any harm, rather Russell's own
22 conduct as outlined in the SEC complaint, and the numerous civil complaints filed throughout
23 the country, alleging fraud, naming Russell, and Russell's businesses, as defendants.
24         33.    When a federal agency files a civil suit naming Russell as defendant, and
25 releases a target letter, and complaint to the public naming Russell as defendant, it could be
26 assumed having to defend yourself against charges by a federal agency could be damaging to

28 DEFENDANT, JOSEPH SAMEC'S                                          JOSEPH SAMEC, PRO PER
   OPPOSITION TO PLAITIFF'S                                           838 NORTH CHARTERDR.
   PLAINTIFF'S MOTION TO SEAL                                         COVINA, CA 91724
                                                                      626-482-6173

1  ones public image. Issuing a preliminary injunction would not serve public interest, and is a
2  waste of the courts time.

3      34.    Samec denies he inflicted any harm, or emotional distress to Russell.

## GRANTING RUSSELL INJUNCTIVE RELIEF WOULD NOT SERVE PUBLIC INTEREST.

8      33.    Enjoining Samec would promote judicial injustice, and limit Samec
9  from discussing Samec's previous failed business dealings between Russell, and himself, as
10 Samec's allegations against Russell mirror those alleged by the SEC, and at least 2 other civil
11 complaints naming Russell as a defendant.

12     34.    Russell states the Supreme Court has held that First Amendment
13 protections are less rigorous in a private matter like this, this is not a private matter, Russell's
14 alleged business conduct has caused the SEC, and others to file civil actions against Russell,
15 this is a public matter, as most all court cases are.

16     35.    The SEC complaint, and the 4 civil actions filed naming Russell as a
17 defendant are not "fake news". The public and anyone preparing to do business with Russell
18 have a vital interest in these cases and Russell's business conduct, as well as a right to protect
19 their own interest against Russell, and his business practices.

## CONCLUSION

23     36.    Russell fails to provide anything more than false, and unsupported
24 assumptions in his motion for Preliminary Injunction against Samec, therefore Russell's
25 motion for Preliminary Injunction, as well as his entire complaint for Defamation, Outrage,
26 Tortious Interference, False Light, and Injunctive relief should be dismissed in its entirety.

DEFENDANT, JOSEPH SAMEC'S
OPPOSITION TO PLAITIFF'S
PLAINTIFF'S MOTION TO SEAL

JOSEPH SAMEC, PRO PER
838 NORTH CHARTERDR.
COVINA, CA 91724
626-482-6173

1  DATED: 5/21/2020                              Joseph Samec
2                                                Joseph Samec In Pro Per
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 DEFENDANT, JOSEPH SAMEC'S                     JOSEPH SAMEC, PRO PER
   OPPOSITION TO PLAITIFF'S                     838 NORTH CHARTERDR.
   PLAINTIFF'S MOTION TO SEAL                   COVINA, CA 91724
                                                626-482-6173

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

Robert Russell an individual

    Plaintiff(s),

v.

Joseph Samec, an individual
Sean Bishop, an individual, and
Does 1-10

    Defendant(s).

Case No. 2:20-cv-00263

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

bthoreson@buchalter.com, mbrandt@buchalter.com, tsempel@buchalter.com, docket@buchalter.com, kfitzgerald@buchalter.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Sean Bishop

Dated May 21, 2020

*(signature)*

Sign or use a "s/" and your name

Joseph Samec In Pro Per
838 N. Charter Dr.
Covina Ca 91724
626-482-6173
josephsamec5@gmail.com

Name, Address and Phone Number of Counsel or Pro Se

**CERTIFICATE OF SERVICE**          Page of