UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RUSSELL,

           Plaintiff,

v.

JOSEPH SAMEC, *et al.*,

           Defendants.

CASE NO. 2:20-cv-00263-RSM-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 19, 2020

This matter has been referred to the undersigned by the District Court as authorized by 28 U.S.C. § 636(b)(1)(A)–(B). Dkt. 12. The matter is before the Court on defendant Sean Bishop's "Motion to Vacate Default; and Alternative Demand for Jury Trial and Hearing Upon Damages."[1] Dkt. 21.

The Court entered defendant Sean Bishop's default after Bishop failed to timely file an answer or motion directed toward plaintiff's complaint. Within a week of filing that order of default, defendant Bishop—who is *pro se*—filed a motion to dismiss the claims against him, and

---

[1] A motion to set aside a default is arguably dispositive, so that the undersigned makes the following report and recommendation on the motion. *See, e.g.*, *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 869 (7th Cir. 2007).

REPORT AND RECOMMENDATION - 1

1  he has now filed a motion to set aside the entry of default against him.  Because he is *pro se*,
2  because there is no indication that this was more than an oversight, because he has a meritorious
3  defense of lack of personal jurisdiction, and because there is little, if any, prejudice to plaintiff at
4  this early stage, the Court should grant the motion and vacate the entry of default.

## BACKGROUND

6  In February 2020, plaintiff brought suit against defendants in this Court, alleging
7  diversity jurisdiction over his state-law claims.  *See* Dkt. 1.  Plaintiff's claims allegedly arise
8  from the failure of his cannabis business, resulting in accusations of fraud by defendants, one of
9  whom allegedly contributed money.  *See* Dkt. 1.

10  Plaintiff claims that he was accused of masterminding a "Ponzi scheme"[2] to defraud
11  investors.  *See* Dkt. 1, at 4.  Plaintiff's claims center on alleged actions taken by Samec (a third-
12  party investor) and Bishop (a "former friend"), including publishing "numerous false and
13  outrageous claims" about plaintiff, publishing "lewd scenes" depicting plaintiff, and interfering
14  with plaintiff's business interest, including defendant Samec complaining to authorities that
15  plaintiff was operating a Ponzi scheme.  *See* Dkt. 1, at 4–6.

16  Based on these allegations, plaintiff brings claims under state law for defamation,
17  outrage, intentional interference with business relationships, and portrayal in a false light.  *See*
18  Dkt. 1, at 7–10.  He seeks injunctive relief and damages.  Dkt. 1, at 9–11.

19  In March 2020, plaintiff moved for entry of default against defendant Bishop on the basis
20  that Bishop had failed to timely appear or answer after being served.  Dkt. 10, at 1.  The Court

---

[2] According to the Securities and Exchange Commission, "[a] Ponzi scheme is an investment fraud that involves the payment of purported returns to existing investors from funds contributed by new investors."  Ponzi Schemes, U.S. Secs. & Exchange Comm., https://www.sec.gov/fast-answers/answersponzihtm.html.

1  found that defendant Bishop had failed to "answer, appear, or defend within 21 days" and
2  entered his default.  Dkt. 13, at 1.  Defendant Bishop, acting *pro se*, now seeks to have the entry
3  of default vacated.[3]  Dkt. 21.

## DISCUSSION

Defendant Bishop requests that the default order be vacated because he filed a responsive pleading on the same day as the default order was entered, because he has a meritorious defense, and because no prejudice will result to plaintiff.  *See* Dkt. 21.  The Court should agree for the reasons discussed below.

Entry of default is governed by Federal Rule of Civil Procedure 55 and may be set aside for "good cause."  Fed. R. Civ. P. 55(c).  A "district court's discretion is especially broad when, as in this case, it is entry of default that is being set aside, rather than a default judgment[.]" *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (internal quotation and citation omitted).  In the Ninth Circuit, "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010)

The Court considers the following factors: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced by setting aside the entry of default.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001).  "This standard, which is the same as is used to determine whether a

---

[3] The undersigned issues a separate report and recommendation on defendant Samec's pending motion to dismiss.  *See* Dkts. 14.

default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091.  Absent extreme circumstances, however, the Court should vacate the entry of default.  *Id.* at 1092.

Because the standard is the same for setting aside entry of default under Federal Rule of Civil Procedure 55 or a default judgment under Federal Rule of Civil Procedure 60(b), the Court relies on cases involving default judgment as appropriate in the analysis that follows.

### A. Culpable Conduct

Defendant Bishop does not explain why he failed to respond to the summons, instead asserting that the Court would not have entered default had it realized that on the same day, the Court received defendant Bishop's motion to dismiss. *See* Dkt. 21, at 1.  Defendant Bishop's motion to dismiss was received by the Court and the default was entered on March 30, 2020—more than 21 days after March 4, when defendant Bishop was served.  Dkt. 11, at 1.

"Culpable conduct tends to mean that a defendant has read and understood and complaint but intentionally taken no steps to meet the deadline for filing a responsive pleading." *TCI Group*, 244 F.3d at 697.  Importantly, "in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group,* 244 F.3d at 697).  "We have 'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious,

deliberate, willful, or bad faith failure to respond.'" *Id.* (quoting *TCI Group*, 244 F.3d at 698).

The fact that defendant Bishop took action (mailing his motion to dismiss) within 3 days of the deadline to respond as well as his *pro se* status leads the undersigned to conclude that it was more likely inadvertence, mistake, or carelessness than a devious, deliberate, willful, or bad faith failure to respond on defendant Bishop's part.

Plaintiff's best argument on this point is that consciously ignoring the deadline is culpable conduct. *See* Dkt. 28, at 6–7. To the contrary—the Ninth Circuit in *Mesle* expressly disavowed this rule (and the cases relied on by plaintiff) in the context of *pro se* plaintiffs:

> When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality. *See Direct Mail Specialists, Inc.,* 840 F.2d at 690 (defendant was "a lawyer, presumably . . . well aware of the dangers of ignoring service of process"). Here, we need not determine, however, whether the *Franchise Holding II* standard applies to more than sophisticated parties represented by counsel who may be presumed to be aware of the consequences of their actions. It is sufficient to observe that Mesle is not a lawyer and that he was unrepresented at the time of the default; accordingly, the proper standard to apply was that of *TCI Group.*

*Mesle*, 615 F.3d 1093.

The Court should find no showing of culpable conduct as defined by Ninth Circuit case law and should accordingly conclude that this factor weighs in defendant Bishop's favor.

### B. Meritorious Defense

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Defendant Bishop asserts that there is no jurisdiction over him because he has no ties to

1   Washington State and has taken no actions to submit himself to the Court's jurisdiction. Dkt. 21,

2   at 2. Indeed, defendant Bishop has filed a motion to dismiss on this basis. *See* Dkt. 14.

3       Plaintiff asserts that this is not a meritorious defense because defendant Bishop does not

4   provide any supporting evidence or facts and because there is personal jurisdiction over

5   defendant Bishop, based on plaintiff's arguments in response to the motion to dismiss. *See* Dkt.

6   28, at 7–9. The latter argument asks this Court to look to the merits of the motion to dismiss—an

7   inappropriate inquiry when determining whether to grant the motion to vacate the entry of

8   default. *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700). Indeed, the Court could

9   well deny the motion to dismiss—yet this would not mean that default cannot be set aside.

10       Asserting lack of personal jurisdiction meets the low bar for establishing a meritorious

11   defense in support of a motion to vacate entry of default. *See Billion Int'l Trading, Inc. v.*

12   *Universal Sportswear*, No. CV 12-6705-BRO(EX), 2013 WL 12403061, at *4 (C.D. Cal. Oct.

13   22, 2013) (cataloguing cases). Thus, the Court should find that plaintiff has satisfied the factor

14   of showing a meritorious defense.

15             **C.  Prejudice**

16       Defendant Bishop asserts that plaintiff is not prejudiced by vacating the entry of default

17   at this very early stage where, according to defendant Bishop, the parties have not yet engaged in

18   discovery. Dkt. 21, at 2. Generally, where a case is at such an early stage, courts find that there

19   will be little prejudice from vacating entry of default or default judgment. *See, e.g.*, *Hutchison v.*

20   *Experian Info. Sols., Inc.*, No. 2:16-CV-1715 JWS, 2016 WL 5363950, at *1 (D. Ariz. Sept. 24,

21   2016); *Harvey v. Peter Lang Pub., Inc.*, No. 09-01391 JSW, 2009 WL 2044701, at *3 (N.D. Cal.

22   July 9, 2009).

23       Plaintiff argues that he is prejudiced because he is subjected to the alleged continued

24

presence of defamatory and outrageous publications for all to see. *See* Dkt. 28, at 9–10. Whether or not there are publications that are, in fact, defamatory is, of course, a matter not yet determined in this litigation. And the prejudice from setting aside a default order must be "greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Thus the Court finds that there is no showing of prejudice to plaintiff from setting aside the entry of default great enough to justify deny defendant Bishop's motion, particularly where Bishop has shown a meritorious defense and lack of culpability.

## CONCLUSION

The Court should grant the motion to vacate the entry of default against defendant Bishop. *See* Dkt. 21.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 19, 2020** as noted in the caption.

Dated this 3rd day of June, 2020.

J. Richard Creatura
United States Magistrate Judge