UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RUSSELL,

    Plaintiff,

    v.

JOSEPH SAMEC *et al.*,

    Defendants.

CASE NO. 2:20-cv-00263-RSM-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 19, 2020

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)–(B).  *See* Dkt. 12.  Plaintiff brings suit against defendants Joseph Samec and Sean Bishop, alleging tort claims against them and that this Court has diversity jurisdiction over those claims since defendants allegedly reside in states other than Washington.

This matter is before the Court on defendant Samec's *pro se* motion to dismiss.  *See* Dkt. 14.  Defendant Bishop, also acting *pro se*, has filed a motion to vacate the entry of default against him and a motion to dismiss.  *See* Dkts. 15, 21.  The Court separately issued a report and recommendation to grant defendant Bishop's motion to vacate and, because Bishop has default

entered against him at the time of this report and recommendation, does not issue a report and recommendation on Bishop's motion to dismiss at this time.

Regarding defendant Samec's motion to dismiss, the undersigned recommends granting the motion and dismissing the complaint with leave to amend.  Plaintiff fails to adequately alleged diversity of citizenship because he relies purely on allegations of where defendants reside—allegations that are insufficient because the issue of residency is not dispositive of domicile, which is the crux of the citizenship inquiry for diversity jurisdiction.

**BACKGROUND**

Plaintiff alleges that he is a King County, Washington, resident and that defendants Joseph Samec and Sean Bishop are "individual[s] who reside[] in," respectively, California and Florida.  *See* Dkt. 1, at 1.  Plaintiff further alleges that the amount in controversy exceeds $75,000, so that jurisdiction over his state-law claims is appropriate under 28 U.S.C. § 1332(a)(1).  *See* Dkt. 1, at 2.

Plaintiff's claims allegedly arise from a business deal with an investor gone wrong. Plaintiff states that in 2015, after investing his own funds into his cannabis business, he entered into an agreement with an investor, Guy Griffithe, for Griffithe to invest $1.5 million in plaintiff's company in return for 49% of the net proceeds.  Dkt. 1, at 3.  The agreement allegedly made clear that plaintiff had obligations only to Griffithe's company and nothing to do with any third-party investors from whom Griffithe might solicit funds.  Dkt. 1, at 3.  Plaintiff alleges that he used the money from Griffithe to expand his facility.  Dkt. 1, at 3.

Plaintiff's business was unsuccessful, and he claims that he was accused of

1   masterminding a "Ponzi scheme"[1] to defraud investors, whom Griffithe had promised would

2   share in the cannabis business's profits. *See* Dkt. 1, at 4. Plaintiff's claims center on alleged

3   actions taken by Samec (a third-party investor) and Bishop (a "former friend"), including

4   publishing "numerous false and outrageous claims" about plaintiff, publishing "lewd scenes"

5   depicting plaintiff, and interfering with plaintiff's business interest, including defendant Samec

6   complaining to authorities that plaintiff was operating a Ponzi scheme. *See* Dkt. 1, at 4–6.

7          Based on these allegations, plaintiff brings claims under state law for defamation,

8   outrage, intentional interference with business relationships, and portrayal in a false light. *See*

9   Dkt. 1, at 7–10. He seeks injunctive relief and damages. Dkt. 1, at 9–11.

10         Defendant Samec asserts that the Court does not have subject matter jurisdiction over the

11  claims against him. *See* Dkt. 14, at 1. Plaintiff has filed his response and the matter is ripe for

12  decision. *See* Dkt. 16.

13

14                                  **DISCUSSION**

15  **I. Lack of Subject Matter Jurisdiction: Citizenship of Parties**

16         Defendant Samec argues that the matter should be dismissed because the complaint's

17  allegations are insufficient to establish diversity jurisdiction. *See* Dkt. 14, at 14–15. For the

18  reasons discussed below, defendant Samec is correct.

19         **A. Legal Standard**

20         This Court has diversity jurisdiction "where the matter in controversy exceeds the sum or

21

22  _____

23         [1] According to the Securities and Exchange Commission, "[a] Ponzi scheme is an
    investment fraud that involves the payment of purported returns to existing investors from funds
    contributed by new investors." Ponzi Schemes, U.S. Secs. & Exchange Comm.,

24  https://www.sec.gov/fast-answers/answersponzihtm.html.

1   value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

2   28 U.S.C. § 1332(a)(1).  Federal courts are courts of limited jurisdiction.  *Gunn v. Minton*, ——

3   U.S. ——, 133 S. Ct. 1059, 1064 (2013) (citation omitted).  As such, a court is to presume "that

4   a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

5   upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

6   377 (1994) (citations omitted).  The Court must dismiss any case over which it lacks subject

7   matter jurisdiction (Federal Rule of Civil Procedure 12(h)(3)) and may raise the question of

8   subject matter jurisdiction *sua sponte* at any time during pendency of the action.  *United States v.*

9   *Moreno–Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).

10   A natural person is a "citizen" for diversity jurisdiction purposes in the state where he or

11   she is domiciled.  *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12   "Domicile" is judicially defined to require that a natural person (1) establish a fixed habitation or

13   abode in a particular place and (2) intend to remain there permanently or indefinitely.  *Lew v.*

14   *Moss*, 797 F.2d 747, 749–750 (9th Cir.1986).

15   A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter

16   jurisdiction may be either "facial" or "factual."  *See Safe Air for Everyone v. Meyer*, 373 F.3d at

17   1035, 1039 (9th Cir. 2004).  A facial attack on subject matter jurisdiction is based on the

18   assertion that the allegations contained in the complaint are insufficient to invoke federal

19   jurisdiction.  *Id.*  In contrast, "[a] jurisdictional challenge is factual where 'the challenger

20   disputes the truth of the allegations that, by themselves, would otherwise invoke federal

21   jurisdiction.'"  *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting

22

23

24

*Everyone*, 373 F.3d at 1039)).

## B. Failure to Allege Residency or State Citizenship

Defendant Samec asserts that because plaintiff lists where defendants are residents—not where they are "domiciled"—plaintiff has not adequately alleged diversity of citizenship. *See* Dkt. 14, at 15.  These attacks are facial, since defendant Samec requests that the Court review the adequacy of the allegations within the "four corners of the complaint."  Dkt. 18, at 8.  Defendant Samec does not challenge the fact of where defendants reside but the legal significance of describing a defendant's state of residence, alone, and concluding that defendants are citizens of different states on this basis.  *See* Dkt. 18, at 7–8.

Under similar circumstances, courts routinely find that such allegations of "residency" alone are inadequate to establish "citizenship" for diversity purposes.  *See, e.g.*, *Leica Microsystems, Inc. v. Potter*, No. CV07-0774-PHX-PGR, 2007 WL 1188199, at *1 (D. Ariz. Apr. 20, 2007) ("The jurisdictional allegations regarding Defendants Cheryl Potter, Kerry Potter and Anne Nichols are inadequate as well since the Complaint only states the residency of each Defendant."); *Cook v. Avi Casino Enter., Inc.*, No. CV-04-1079-PCT-PGR, 2005 WL 8160553, at *1 (D. Ariz. July 8, 2005) ("It is well-established that an allegation of residency is legally insufficient for purposes of alleging the existence of subject matter jurisdiction based on 28 U.S.C. § 1332.").  The Court should reach the same conclusion here—it is clear that "residence and citizenship [are] wholly different things . . . and that a mere averment of residence in a particular state is not an averment of citizenship of that state for purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905)

Plaintiff argues that because separately, the complaint alleges that defendants are "citizens of different states," this supports the existence of diversity jurisdiction.  Dkt. 16, at 15.

However, the legal conclusion that the parties are all citizens of different states in the complaint (Dkt. 1, at 2) has no support other than plaintiff's allegation that defendants reside in Florida and Washington—which, as noted above, is inadequate.

Plaintiff's remaining arguments fail to show that the complaint otherwise adequately alleges diversity jurisdiction. *See* Dkt. 16, at 14–16. Moreover, the same allegations are made against both defendants so that—upon *sua sponte* consideration of the issue of subject matter jurisdiction over defendant Bishop—the Court should dismiss the claims against defendant Bishop, as well.

## II. Leave to Amend

Defendant Samec requests that dismissal be without leave to amend. *See* Dkt. 14, at 19. However, a court will typically grant leave to amend where there are defective allegations of jurisdiction unless it is clear that amendment would be futile. *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). The Court therefore considers defendant Samec's alternative arguments briefly in determining whether amendment would be futile.

Defendant Samec makes facial challenges to the complaint's allegation of the amount in controversy. *See* Dkt. 14, at 11–14 (asking the Court to look to whether diversity is established on the face of the pleadings). He argues that plaintiff's claim of loss of over a million dollars that plaintiff personally invested in the cannabis business is inadequate because plaintiff admits that it was his own wrongdoing revealed in the course of a state investigation—not defendant Samec's alleged actions in prompting the investigation—that caused the damages.

Where a complaint, in good faith, alleges on its face a sufficient amount in controversy, that amount controls unless it is a legal certainty that the stated amount cannot be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). The focus of the legal

certainty test is not on whether the underlying claims have merit—a matter appropriate for a

Rule 12(b)(6) or Rule 56 motion—but on whether even if the underlying claims had merit, the

amount of damages could not exceed $75,000. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir.

2015) (explaining the three situations that meet the test). Here, plaintiff alleges that he

personally invested over a million dollars in his business, which failed due to interference from

defendants. Defendant Samec's assertion that plaintiff cannot show causation is not a reason that

even if plaintiff's case has merit, a damages award could not exceed $75,000. Rather, defendant

Samec's argument is one going to the elements of plaintiff's underlying claim.

Defendant Samec also appears to argue that plaintiff lacks standing to bring claims of

loss suffered by his cannabis business. *See* Dkt. 14, at 12. However, plaintiff alleges that he lost

a personal investment of more than $75,000 in the business, which would establish standing.

Therefore, defendant Samec's brief and conclusory standing argument fails to show that

amendment would be futile.

Finding at least one viable allegation that would satisfy the amount-in-controversy

argument, the Court recommends granting plaintiff leave to amend. It is unnecessary to address

the remainder of defendant Samec's arguments, which pertain to other claims in the complaint—

alleged interference with investment in mineral rights and with business at plaintiff's

"entertainment club."

The undersigned briefly notes that plaintiff also alleges claims against fictitious

defendants and asserts that those claims do not destroy diversity jurisdiction. *See* Dkt. 16, at 15–

16. Although plaintiff incorrectly relies upon federal law pertaining to actions removed from

state court—unlike this action filed initially in federal court—the undersigned recommends that

the existence of John Doe defendants not be found to destroy diversity at this point in the

1    litigation.  Rather, any jurisdictional issue caused by fictitious defendants should be deferred

2    until the deadline for amending pleadings has passed.  *Accord West v. State Farm Mut. Auto. Ins.*

3    *Co.*, No. CV 10-132-M-DWM-JCL, 2011 WL 2559966, at *25 (D. Mont. June 28, 2011), *report*

4    *and recommendation adopted*, No. CV 10-132-M-DWM, 2011 WL 2961626 (D. Mont. July 20,

5    2011), *aff'd*, 489 F. App'x 153 (9th Cir. 2012).

6

7                                    **CONCLUSION**

8            For the reasons set forth above, the Court recommends dismissing the complaint with

9    leave to amend.  Defendant Samec's motion to dismiss (Dkt. 14) should be granted.

10           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

12   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

14   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

15   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 19,**

17   **2020,** as noted in the caption.

18           Dated this 4th day of June, 2020.

19

20

21

22                                    J. Richard Creatura
                                      United States Magistrate Judge
23

24