HONORABLE J. RICHARD CREATURA

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT RUSSELL, individually,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SAMEC, individually; SEAN BISHOP, individually; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-00263-RSM-JRC<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC<br><br>*NOTED FOR CONSIDERATION: JUNE 5, 2020* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S REPLY IN SUPPORT OF MOTION OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC
CASE NO. 2:20-CV-00263-RSM-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    1.    The evidence establishes that Samec used fictitious accounts to target Russell with outrageous material and painted him in a false light.............. 2

    2.    Samec's extreme and outrageous conduct caused severe emotional distress to Russell. ................................................................................................... 3

    3.    Samec has no First Amendment right to target Russell with outrageous and tortious conduct. ................................................................................. 4

    4.    Samec's irrelevant and unsupported factual assertions should not divert the Court's attention from his tortious conduct. ........................................ 5

CONCLUSION .................................................................................................................. 6

PLAINTIFF'S REPLY IN SUPPORT OF MOTION OF MOTION FOR
PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC - i
CASE NO. 2:20-CV-00263-RSM-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

**INTRODUCTION**

In opposition to the proposed preliminary injunction, defendant Joseph Samec raises numerous red herring arguments, all of which are either unsupported by evidence or irrelevant. This see-what-sticks approach fails for numerous reasons.

First, the overwhelming weight of the actual evidence (including Samec's own admissions) establishes that Samec published outrageous information about Russell. Indeed, while he denies that he created and/or originally published the offending material under the "Ben Theiven" and "Dave Snothere" social media accounts, Samec does admit that he republished those materials.[1] Moreover, the evidence demonstrates that he used the fictitious accounts to publish the materials all from his home in California. As such, this Court should enjoin him from continuing to publish that material.

Second, Samec's publications have caused Russell's emotional distress, and Samec cannot lay the blame elsewhere. Although he argues that his allegations mirror the SEC complaint (which he claims caused the harm to Russell), this bald assertion ignores the facts. Neither the SEC complaint nor any pleading cited by Samec contains criminal allegations against Russell or lewd depictions of him. Indeed, the offending posts do not even concern the SEC civil suit. Instead, Russell's acquaintances have confronted him specifically about the outrageous publications after either Samec contacted them or they saw one of his social media posts.

Third, the First Amendment does not protect Samec's outrageous and tortious conduct, enjoining this particular conduct (i.e., continuing to publish specific material) is neither vague nor overbroad, and the relief sought does not prevent Samec from engaging in protected speech. Although Samec asserts the First Amendment protects his statements, publishing lewd images of Russell does not serve the public interest nor does it implicate constitutional concerns. Indeed, these lewd depictions have no social value and so the public interest weighs in favor of

---

[1] Dkt. # 32 at p. 9.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC - 1
CASE NO. 2:20-CV-00263-RSM-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

an injunction.

Lastly, this Court should not allow Samec to divert its attention from his tortious conduct with immaterial and unsupported allegations. Samec admits to publishing the false and outrageous material, and this Court should enjoin him from continuing to target Russell with the same publications.

**ARGUMENT**

**1. The evidence establishes that Samec used fictitious accounts to target Russell with outrageous material and painted him in a false light.**

That Samec denies he controls the social media accounts under the guise of "Ben Thieven" and "Dave Snothere" is of no moment, as he admits to publishing the offensive material.[2] Even without this admission, the evidence establishes that Samec indeed maintains these fictitious accounts, which he used to target Russell with outrageous material and to paint him in a false light. The accounts had multiple IP addresses in common, which were traced to Samec's home in Covina, California.[3] Not only do these accounts have the same IP location, they were opened within days of each other, have friends or followers in common, share background templates and control features, and acted in concert by sharing and reposting each other's content within minutes of each other.[4] As such, this Court should enjoin Samec from continuing to publish the offensive material.

Samec's challenge to this evidence is unpersuasive.[5] First, he argues that Adams does not have the expertise to determine the location of an IP address. In doing so, he asserts that the IP locaters used by Adams is unsophisticated, free, and cannot "attest to any greater than 50% accuracy at best."[6] But this argument only reveals his own lack of expertise about networking

---

[2] Dkt. # 32 at p. 9.
[3] Dkt. # 25 at ¶¶4-8.
[4] *Ibid*.
[5] Although Samec also alleges that Chris Adams is business partners with two of Russell's co-defendants, he offers no evidence to support this allegation or his conclusion that Adams is biased. Accordingly, this Court should disregard Samec's unsupported assertions as to the evidence against him.
[6] Dkt. # 32, at p. 6.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AGAINST JOSEPH SAMEC-2
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

and IP addresses. A person could not become a Cisco Certified Network Professional without a depth of understanding and knowledge about Internet Protocol ("IP") addresses. And while some IP locaters can be accessed free online, Samec provides no evidence to support his assertion regarding the accuracy or sophistication of the specific tool used by Adams, or why the cost of the tool is determinative. Nor does Samec explain his own purported expertise in such matters.

Adams, by contrast, has such expertise, as evidenced by his declaration. And he has determined that the fictitious accounts originated from Samec's residence. Samec has offered no legal authority, evidence, or expert testimony to challenge his opinion. The Ninth Circuit has rejected challenges to expert testimony when the challenger does not submit evidence to support it.7 As such, this Court should likewise reject Samec's lay interpretation of Adams' expert analysis.

Second, Samec contends that he did not receive a copy of the subpoena used to obtain records and so he cannot adequately respond to the claims against him. This, of course, is nonsense. The documents were obtained before this action was filed. As such, it is unclear how the FRCP apply. Samec has no authority or evidence to support his attack on Adams' expert testimony, and this Court should enjoin Samec from publishing further outrageous material about Russell.

**2. Samec's extreme and outrageous conduct caused severe emotional distress to Russell.**

Samec's publications do not arise out of the lawsuits naming Russell as a defendant. As such, Samec's argument that any harm to Russell results not from his bad conduct, but from the SEC and other civil lawsuits, fails. First, Russell has made clear that Samec's conduct and outrageous depictions have caused him emotional distress, not the allegations in the SEC

---

[7] *See Kremlingson v. Saul*, 800 Fed. Appx. 531, 532–33 (9th Cir. 2020) (rejecting challenge to expert testimony because challenger had failed to support challenge with any expert analysis or declaration and instead offer only her lay interpretation).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-3
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

lawsuit. Multiple people have confronted Russell, including friends, potential business partners, and other acquaintances, after either Samec contacted them directly or they saw one of his social media publications.

Second, Samec's allegations do not mirror past public allegations. Neither the SEC complaint nor the two other complaints cited by Samec contain criminal allegations against Russell. And none of the pleadings contain lewd depictions of Russell. Samec, by contrast, has brazenly accused Russell of committing numerous felonies, and has posted lewd depictions of Russell on the internet. Indeed, if Samec's concerns were about informing the public about the SEC lawsuit and other civil suits, as he claims, he would not have posted inaccurate information and spread the false and inflammatory claims.

**3. Samec has no First Amendment right to target Russell with outrageous and tortious conduct.**

The relief sought by the preliminary injunction is neither overbroad nor vague, but concerns twelve specific publications. It also does not infringe on Samec's First Amendment rights or limits his ability to discuss the allegations against Russell. Publishing false and lewd images of Russell, however, does not serve the public interest nor does it implicate First Amendment concerns. Indeed, Samec does not explain how publishing lewd and demeaning pictures of Russell informs the public about the allegations against him. Nor does Samec explain how providing false information to the public furthers its interest.

And even if the allegations against Russell concern the public, nothing in the proposed preliminary injunction prevents Samec from discussing these specific allegations. It only precludes Samec from continuing to publish the false, outrageous, and lewd materials, none of which serve the public interest or implicate First Amendment concerns. So while he may freely discuss the allegations against Russell, Samec does not have a First Amendment right to publish outrageous and lewd depictions of Russell along with false information about him.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION AGAINST JOSEPH SAMEC-4
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

**4. Samec's irrelevant and unsupported factual assertions should not divert the Court's attention from his tortious conduct.**

Throughout his opposition, Samec makes numerous irrelevant and unsupported factual assertions that have no bearing on this motion. He claims, for instance, that on April 29, 2020 at RTSI's bankruptcy meeting in Nevada, Griffithe testified that Russell accepted on behalf of SMRB up to $4 million dollars from RTSI. Griffithe also purportedly provided bank supporters to support this testimony. But Samec does not explain how this out-of-state proceeding relates to the preliminary injunction. Nor he does not provide any evidence to support these claims. Indeed, his sole basis for this conclusion appears to rest on Griffithe's testimony at a bankruptcy meeting for which he provides no evidence.

Samec also submits and cites at length to a contract that purports to be between him and Russell, an unauthenticated report purportedly prepared by Washington State Liquor and Cannabis Board, but does not explain its relevance to the preliminary injunction. Indeed, these allegations have no bearing on the contents of Samec's false publications. Moreover, Russell never agreed to enter into any contract with Samec or any other third-party investors. The contract submitted by Samec has no validity as Russell's signature was forged. Indeed, a handwriting expert has confirmed this fact.

Likewise, Samec claims that Griffithe filed a petition for a restraining order against Samec in California, "using the same baseless allegations and IP addresses." Although he offers a document purporting to be an order denying the petition, neither that document nor Samec provide any insight about Griffithe's specific allegations or substantiate Samec's allegations. So this Court should disregard it.

Lastly, this Court should disregard Samec's insinuation regarding social media posts concerning him. Not only are the postings unauthenticated and lack foundation, but they are immaterial to Russell's claims in this case. And does Samec even attempt to explain why these purported postings are relevant here. While there is no question that these postings are

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-5
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

deplorable, Russell has had no part in them and they certainly do not excuse Samec's actions against Russell.8 Therefore, this Court should disregard any unsubstantiated allegations and enjoin Samec from targeting Russell further with outrageous and tortious conduct.

## CONCLUSION

Nothing within the see-what-sticks opposition refutes the evidence establishing that Samec's conduct has caused and will continue to cause irreparable harm to Russell until this Court enjoins him. The evidence establishes that Russell will likely prevail on his false light and outrage claims against Samec, and both the equities and the public interest favor injunction relief. Therefore, the Court should issue and injunction enjoining Samec from continuing to publish and republishing the offending material about Russell.

Dated: June 5, 2020.                          BUCHALTER

By: */s/ Brad P. Thoreson*
Brad P. Thoreson, WSBA #18190
Teva F. Sempel, WSBA#54896
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone: 206.319.7052
Email: bthoreson@buchalter.com
Email: tsempel@buchalter.com

*Attorneys for Plaintiff Robert Russell*

---

[8] Robert Russell's Declaration in Support of Reply Brief, ¶2-3.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-6
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system which will send notification to the counsel of record in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Marci L. Brandt*
Marci L. Brandt, Legal Assistant

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST JOSEPH SAMEC-7
CASE NO. 2:20-CV-00263-JRC

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 40801796v1