UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT RUSSELL,<br><br>               Plaintiff,<br><br>    v.<br><br>JOSEPH SAMEC, *et al.*,<br><br>              Defendants. | CASE NO. 2:20-cv-00263-RSM-JRC<br><br>ORDER GRANTING MOTION TO SEAL |

This matter is before the undersigned on referral from the District Court and on plaintiff's motion to seal certain exhibits offered in support of his motion for preliminary injunction. *See* Dkt. 22. For the reasons discussed below, the motion to seal is granted.

**I. Parties' Arguments**

In support of his pending motion for a preliminary injunction, plaintiff has submitted under seal 12 images that are the subject of this litigation. *See* Dkt. 27. Plaintiff requests that these images be kept under seal because they contain "offensive, outrageous, and defamatory materials published by Defendants Joseph Samec and Sean Bishop on various social media

1   accounts." Dkt. 22, at 1.  Defendant Samec opposes the motion on the basis of his contentions

2   that (1) the images are not attributable to him and (2) the embarrassing nature of the images

3   alone is not good cause to seal them.  *See* Dkt. 30.  Defendant Bishop has not filed any response

4   to the motion to seal.

### II. Procedural Requirements for a Motion to Seal

6   Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a

7   showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court

8   order expressly authorizes the party to file the document under seal or a party files a motion or

9   stipulated motion to seal before or at the same time the party files the sealed document.  LCR

10  5(g)(1)–(2).  Plaintiff was allowed to provisionally file the videos under seal pending a Court

11  order on the motion to seal.  *See* LCR 5(g)(2)(B).

12  Regarding the procedural requirements for a motion to seal, plaintiff certifies that he met

13  and conferred with defendant Samec but that they could not reach an agreement regarding the

14  motion to seal.  Dkt. 23, at 2.  The Court notes that LCR 5(g) requires meeting and conferring

15  with "all" parties but finds good cause to excuse the failure to meet and confer with defendant

16  Bishop, who was in default at the time.  *See* Dkt. 13.  Plaintiff takes the position that less

17  restrictive means are not available.  *See* Dkt. 23, at 6.

### III. Substantive Requirements for a Motion to Seal

19  Even if a party meets the procedural requirements for a motion to seal, the party must

20  overcome the strong presumption of public access to judicial records.  *See Kamakana v. City &*

21  *Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome that presumption when a

22  party seeks to file a document under seal in conjunction with a dispositive motion, the moving

party must show a "compelling reason" to support maintaining the secrecy of the document. *Id.* at 1180.

The parties rely on various cases in support of their respective positions, but the Court finds that *Kamakana v. City and County of Honolulu* resolves this issue. In that case, the Ninth Circuit held that although mere "embarrassment" from production of records was not a compelling reason to seal records, that the records "might" become a vehicle to "circulate libelous statements" would be a compelling reason. *See* 447 F.3d at 1179. Here, of course, the Court has not found that the images are defamatory, outrageous, or otherwise tortious—that is the subject of the litigation. Nevertheless, because the Court "might" find that the images are defamatory, such is a compelling reason to seal them in this litigation. *See also Ultimate Timing, L.L.C. v. Simms*, No. C08-1632 MJP, 2010 WL 786021, at *1–*2 & n.1 (W.D. Wash. Mar. 4, 2010) (in an action for trade secret misappropriation, sealing records regarding the alleged trade secrets under *Kamakana* despite that "the Court may [yet] have to decide whether the information is actually a trade secret.").

Nothing in this Order shall be interpreted as a ruling on the merits of whether the images at issue are, in fact, defamatory or otherwise tortious. Because plaintiff has shown a compelling reason to seal the records, the motion to seal (Dkt. 22) is granted.

Dated this 1st day of July, 2020.

J. Richard Creatura
United States Magistrate Judge