UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RUSSELL,

                            Plaintiff,

            v.

JOSEPH SAMEC, *et al.,*

                            Defendants.

CASE NO. 2:20-cv-00263-RSM-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **September 18, 2020**

The District Court has referred this case to the undersigned.  *See* Dkt. 12.  The matter is before the Court on defendant Joseph Samec's motion to dismiss.  *See* Dkt. 49.

Plaintiff brings suit against defendants for defamation and other allegedly tortious conduct based on lewd images and misrepresentations that he claims defendants promulgated. Defendant Samec, acting *pro se*, asks this Court to dismiss plaintiff's complaint because plaintiff promised not to sue and his claims are barred by promissory estoppel or because plaintiff operates a marijuana-related business and has "unclean hands."

1    Although defendant's motion is successive and technically barred, to preserve judicial

2    economy, the Court should exercise its discretion to consider the motion to dismiss on the merits.

3    Defendant Samec's promissory estoppel argument fails because it relies on matters extrinsic to

4    the allegations of the complaint.  Defendant Samec's "unclean hands" argument also fails

5    because plaintiff's marijuana distribution business is only incidental to the alleged tortious

6    behavior at issue.  Therefore, defendant's motion to dismiss should be denied on the merits.

7                                      **BACKGROUND**

8        Plaintiff brought suit in February 2020, alleging that this Court had diversity jurisdiction

9    over his state-law claims of defamation, outrage, false light, and intentional interference with

10   business relationships against Samec and Sean Bishop.  *See* Dkt. 1.

11       Briefly summarized, plaintiff alleges that Guy Griffithe—an investor in plaintiff's former

12   marijuana distribution business—tricked third-party investors by telling them that they were

13   investing in plaintiff's business, when in reality, plaintiff was unaware that Griffithe was

14   soliciting such funding and claims that "[t]here is no evidence that [plaintiff] ever received any

15   money from any individual investor, other than Griffithe."  *See* Dkt. 46, at 3–4.  Defendant

16   Samec is allegedly one of these third parties who was misled by Griffithe.  Dkt. 46, at 4.

17   Plaintiff claims that Samec believes that plaintiff was part of Griffithe's fraudulent investment

18   scheme and published "outrageous and false claims about" plaintiff.  Dkt. 46, at 4.  Plaintiff also

19   claims that Samec reported the purported scheme to Washington State authorities, which led to

20   plaintiff's marijuana business being shut down.  *See* Dkt. 46, at 4–6.

21       Defendant Samec had previously moved to dismiss the complaint based on lack of

22   plausible allegations of diversity jurisdiction.  *See* Dkt. 14.  The Court granted the motion and

23   dismissed plaintiff's complaint with leave to amend.  *See* Dkts. 40, 43.

24

REPORT AND RECOMMENDATION - 2

1    Plaintiff then filed an amended complaint asserting the same causes of action against

2    defendants Samec and Bishop.  *See* Dkt. 46.  Defendants Samec and Bishop now separately

3    move to dismiss the amended complaint.  *See* Dkts. 49, 61.  This report and recommendation

4    addresses defendant's Samec's motion to dismiss.  The Court will issue a report and

5    recommendation on defendant Bishop's motion separately, after that motion is ripe for

6    consideration.  *See* Dkt. 61.

7                                          **DISCUSSION**

8    **I.  Legal Standard:  Motion to Dismiss under Rule 12(b)(6)**

9    Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss if the complaint

10   fails to state a claim upon which relief can be granted.  A motion to dismiss focuses on the

11   allegations in the complaint.  The Court examines whether plaintiff alleges sufficient facts to that

12   if taken as true, entitle him to relief.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13   A complaint must contain "a short and plain statement of the claim showing that the

14   pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

15   and the grounds upon which it rests[.]'"  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

16   U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive a motion

17   to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

18   to relief that is plausible on its face.'"  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

19   555).

20   When reviewing the motion to dismiss under Rule 12(b)(6), a court must accept as true

21   all factual allegations—but not legal conclusions.  *See Iqbal*, 556 U.S. at 678.  "When there are

22   well-pleaded factual allegations, a court should assume their veracity and then determine

23   whether they plausibly give rise to an entitlement to relief."  *Id.*

24

REPORT AND RECOMMENDATION - 3

1

**II.  Effect of Samec's Prior Motion to Dismiss**

2

As a preliminary matter, the Court addresses plaintiff's argument that defendant Samec's

3

motion to dismiss the original complaint forecloses his pending motion to dismiss the amended

4

complaint.

5

**A.  Plain Language of Rule 12(g) Bars Samec's Motion**

6

Federal Rule of Civil Procedure 12(g) limits successive Rule 12 motions:  "Except as

7

provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make

8

another motion under this rule raising a defense or objection that was available to the party but

9

omitted from its earlier motion."  The exceptions referred to in Rule 12 pertain to motions for

10

judgment on the pleadings that assert failure to state a claim upon which relief can be granted

11

and other situations not relevant here.

12

Here, defendant Samec previously brought a motion under Rule 12 (*see* Dkt. 14) and now

13

seeks to bring a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See* Dkt. 49,

14

at 2.  His motion does not fit into any of the exceptions referenced in Rule 12(g) and is

15

successive under the plain language of the rule.

16

**B.  Discretion to Consider Second Motion to Dismiss**

17

The plain language of Rule 12(g) is not, however, the end of the inquiry.  The

18

undersigned agrees with rulings from districts including this District that have found that the

19

court has discretion to consider a successive motion to dismiss under certain circumstances.  *E.g.*

20

*Green v. ADT, LLC,* No. 16-CV-02227-LB, 2016 WL 5339800, at *6 (N.D. Cal. Sept. 23, 2016)

21

(considering successive motion to dismiss where plaintiff did not squarely raise the issue under

22

Rule 12(g) in opposition, there was no dilatory conduct, and judicial economy was best served

23

by addressing the issues raised); *Perkumpulan Inv'r Crisis Ctr. Dressel-WBG v. Wong*, No. C09-

24

1786-JCC, 2014 WL 1047946, at *6 (W.D. Wash. Mar. 14, 2014) (considering defendants'

joinder in successive motion to dismiss because defendants could simply renew the arguments in

a Rule 12(c) motion, there was no prejudice or surprise, and defendants were *pro se*).

Here, defendant Samec is *pro se*, there is no indication that the failure to assert the

arguments that he raises now was an effort to prolong or delay the matter, plaintiff makes no

arguments that he is prejudiced by the successive motion, and judicial economy is best served by

considering the arguments, rather than dismissing them because of technical noncompliance with

Rule 12(g).  Moreover, plaintiff provides no reason that defendant Samec could not simply bring

the same argument under Rule 12(c) or at some later time in these proceedings.  *See* Fed. R. Civ.

P. 12(h)(2).  Thus, the undersigned recommends considering defendant Samec's arguments on

their merits.  *See In re Apple iPhone Antitrust Litig*., 846 F.3d 313, 318 (9th Cir. 2017)

("Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural

avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the

direction of Rule 1."), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019).

The Court next examines the substance of defendant Samec's arguments.

**II.  Promissory Estoppel**

Defendant Samec's theory of promissory estoppel is that plaintiff allegedly promised not

to sue Samec if Samec removed and stopped posting the material that is the subject of this

lawsuit and that defendant Samec did so, yet plaintiff sued him anyway.  *See* Dkt. 49, at 4.

Defendant Samec relies upon emails from plaintiff's counsel, which Samec attaches to the

motion to dismiss, as evidence to support this claim.  Dkts. 49, at 4–5, 10–16.

When ruling on a motion to dismiss, the court solely considers the allegation in the

complaint and not extraneous materials.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977,

980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

Because the motion to dismiss relies on materials extraneous to the complaint (emails allegedly from plaintiff's counsel), the Court must *sua sponte* address whether to convert the motion to dismiss to a summary judgment motion under Rule 56.  The Court has discretion either to consider such extrinsic evidence and convert the motion to dismiss into a motion for summary judgment or to simply exclude the extrinsic evidence.  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

This matter is still in its early stages.  Although the parties have exchanged initial disclosures, the discovery deadline is not until May 2021.  Little, if any, discovery appears to have occurred.  And neither party has addressed the issue of *pro se* defendant Samec's reliance on extraneous materials in his motion to dismiss.

Under these circumstances, it is too early in the proceedings to consider this matter as a Rule 56 summary judgment motion.  Therefore, the undersigned declines to consider the extraneous material at this time and does not recommend converting this motion to dismiss into a motion for summary judgment.  *Accord Sternberger v. Gilleland*, No. CV-13-02370-PHX-JAT, 2014 WL 3809064, at *4 (D. Ariz. Aug. 1, 2014) (finding that conversion to summary judgment was "premature" where defendant was *pro se* and there was no discovery yet conducted); *see also Kaeo-Tomaselli v. Butts*, No. CIV. 11-00670 LEK, 2012 WL 5996436, at *5 (D. Haw. Nov.

30, 2012) (declining to convert motion to dismiss because, among other reasons, the motion was not properly supported as a motion for summary judgment).

Thus the undersigned focuses solely on the sufficiency of defendant Samec's arguments directed to the amended complaint in the motion to dismiss.  Defendant Samec does not challenge the adequacy of any of the factual allegations in the amended complaint.  *But see Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers[.]").  Instead, defendant Samec is asserting promissory estoppel as an affirmative defense.  *See Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true.").

But an affirmative defense is a basis to grant a motion to dismiss only if the affirmative defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint.  *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) ("[W]e can consider an affirmative defense on a motion to dismiss when there is 'some obvious bar to securing relief on the face of the complaint.' . . .  In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense.") (Internal citation omitted.)); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirmative defenses may be resolved in a motion to dismiss when there are no disputed factual issues); *see also Raising Affirmative Defenses by Motion*, 5 FED. PRAC. & PROC. CIV. § 1277 (3d ed.) ("When there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be

1    developed by pretrial discovery or a trial on the issue raised by the defense, the recent cases seem

2    to agree that the matter may be disposed of by a motion to dismiss under Rule 12(b).").

3          Here, the complaint contains no allegations regarding the alleged promise not to sue or

4    any of the events that defendant Samec claims occurred as the basis for his promissory estoppel

5    argument.  Nor are the underlying facts undisputed.  Thus, any affirmative defense of promissory

6    estoppel cannot be a basis to grant the motion to dismiss.

7    **III.  Unclean Hands**

8          Defendant Samec alternatively asserts that under the doctrine of "unclean hands" or

9    "public policy," plaintiff cannot recover damages arising out of events related to his "illegal

10   marijuana activities" because distribution of marijuana is a federal crime.  Dkt. 49, at 7.  For his

11   part, plaintiff points out that unclean hands is an equitable doctrine and argues that it does not

12   apply in this proceeding, which is not a proceeding in equity, according to plaintiff.  *See* Dkt. 57,

13   at 8; *see also J.L. Cooper & Co. v. Anchor Sec. Co.*, 9 Wn.2d 45, 73 (1941) (holding that it is

14   well-settled that a party with unclean hands cannot recover in equity).

15         The basis for defendant Samec's argument is that cultivation and distribution of

16   marijuana is a federal crime and that the underlying business was a marijuana distribution

17   company.  *See* 21 U.S.C. §§ 812, 841(a)(1); *United States v. McIntosh*, 833 F.3d 1163, 1179 n. 5

18   (9th Cir. 2016).  But to prevail on a defense of unclean hands in Washington, a defendant must

19   show a close relationship between plaintiff's allegedly improper behavior and the claim at issue.

20   *See McKelvie v. Hackney*, 58 Wn.2d 23, 31 (1961) (stating that equity disqualifies a plaintiff

21   with unclean hands only where the inequitable behavior is "in the very transaction concerning

22   which he complains").  Here, for the most part, the claims in plaintiff's complaint are only

23   loosely related to the marijuana distribution business.

24

For example, plaintiff alleges that defendants defamed him, placed him in a false light, and committed the tort of outrage by publishing "false claims that [plaintiff] engaged in a Ponzi scheme, embezzlement and criminal conspiracy, is under FBI/DOJ investigation, stole millions of dollars of investors' money, illegally sold securities, created fraudulent contracts to cheat investors, and was arrested for 'stock fraud.'" Dkt. 46, at 7–9.  Plaintiff also relies on allegations of lewd depictions of him as the basis for his outrage and false light claims.  Dkt. 46, at 8–9.  Although, of course, the events that allegedly triggered defendants' tortious behavior began with the marijuana business, the business is only incidental to the defamation, false light, and outrage claims.

Plaintiff also claims that defendants intentionally interfered in his business relationships (1) by allegedly making false statements to prospective investors in a plan to develop mineral rights, (2) when defendant Samec allegedly contacted Washington State authorities about his marijuana distribution business, and (3) when defendant Russell allegedly spread misinformation to prospective customers of plaintiff's Florida "entertainment club." Dkt. 46, at 8.  Although the marijuana business is directly related to the second of these allegations, the first allegation is an independent basis for this claim that is unrelated to the marijuana business.  Defendant Samec provides no argument in his motion to dismiss challenging plaintiff's claim that making false statements to the prospective investors was intentional interference in plaintiff's business relationships.  Accordingly, defendant Samec's argument that plaintiff has unclean hands, even if the Court agrees, does not justify dismissal of any of plaintiff's claims.  For this reason, the motion to dismiss on the basis that plaintiff has unclean hands should be denied.

1

**CONCLUSION**

2          For the reasons set forth above, the Court recommends denying defendant Samec's

3   motion to dismiss.  Dkt. 49.

4          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

7   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

8   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

9   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

10  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

11  **18, 2020** as noted in the caption.

12          Dated this 2nd day of September, 2020.

13

14

15

16  J. Richard Creatura
    United States Magistrate Judge

17

18

19

20

21

22

23

24