UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RUSSELL,

            Plaintiff,

   v.

JOSEPH SAMEC,

            Defendant.

CASE NO. 2:20-cv-00263-RSM-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 13, 2021

      This matter has been referred to the undersigned by the District Court. Dkt. 12. The matter is before the Court on plaintiff's motion to dismiss claims against defendant Samec under Federal Rule of Civil Procedure 41. Dkt. 79.

      Plaintiff brought suit against defendants, both of whom are *pro se*, in February 2020. Dkt. 1. Defendant Samec has answered the complaint. *See* Dkts. 9, 67. Plaintiff has voluntarily dismissed his claims against defendant Bishop. *See* Dkt. 78. Plaintiff now moves to voluntarily dismiss his claims against defendant Samec without prejudice. Dkt. 79. Defendant Samec has not filed any response to the motion to dismiss the claims against him, which may be construed by the Court as an admission that the motion to dismiss has merit. Local Civil Rule 7(b)(2).

1     Plaintiff may take a voluntary dismissal without obtaining a court order where the
2 opposing party has not yet filed "either an answer or a motion for summary judgment" or where
3 all parties who have appeared stipulate to the dismissal. *See* Fed. R. Civ. P. 41(a)(1). Where, as
4 here, these conditions have not been satisfied, plaintiff must first obtain leave of Court before
5 taking a voluntary dismissal. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) allows the Court to impose
6 "terms that the court considers proper" and states that dismissal is generally "without prejudice"
7 unless the Court states otherwise.

8     Generally, the Court will grant a motion for voluntary dismissal under Rule 41(a)(2)
9 unless there is some plain legal prejudice to the opposing party that will result. *See Westlands*
10 *Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "[T]he threat of future litigation
11 which causes uncertainty is insufficient to establish plain legal prejudice." *Id.*

12     Here, no plain legal prejudice to the opposing party has been argued or is readily apparent
13 from the record. Therefore, the District Court should grant the motion to dismiss and should
14 dismiss the remaining claims in this matter (those raised against defendant Samec) without
15 prejudice, and with the parties to bear their own costs. The District Court should deny all other
16 pending motions as moot and should close the case.

17     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
18 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
19 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
20 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
21 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
22 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

REPORT AND RECOMMENDATION - 2

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 13,**
2 | **2021,** as noted in the caption.

3 |       Dated this 23rd day of July, 2021.

                                                 */s/ J. Richard Creatura*

                                                 J. Richard Creatura
                                                 Chief United States Magistrate Judge