UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RUSSELL,

          Plaintiff,

   v.

JOSEPH SAMEC,

          Defendant.

CASE NO. 2:20-cv-00263-RSM-JRC

ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

This matter is before the Court on defendant's motion for sanctions (Dkt. 94) and on referral from the District Court.

Defendant is asking the Court to sanction plaintiff pursuant to Fed. R. Civ. P. 11(c) because plaintiff allegedly filed the amended complaint to harass defendant and that plaintiff knew the allegations in the complaint were false. However, defendant served the motion after plaintiff had already moved the Court to dismiss the complaint. Therefore, plaintiff receives the benefit of Rule 11(c)'s safe harbor provision and defendant's motion is denied.

///

## BACKGROUND

Plaintiff initiated this matter in February 2020 and named Sean Bishop and Joseph Samec as defendants. *See* Dkt. 1. After the District Court granted defendants' motions to dismiss, plaintiff filed an amended complaint on June 26, 2020. *See* Dkts. 14, 21, 39, 40, 43, 45, 46. On June 17, 2021, plaintiff voluntarily dismissed defendant Bishop and moved the Court to dismiss all of his claims against defendant Samec pursuant to Rule 41, which the District Court granted. *See* Dkts. 78–79, 83, 99. On August 23, 2021, defendant Samec filed this motion for sanctions pursuant to Rule 11(b). Dkt. 94. The motion is fully briefed. *See* Dkts. 94–98.

## DISCUSSION

"The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992). Rule 11(c)(1) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." However, parties must follow the "strict procedural requirements" when moving for sanctions under Rule 11. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 (9th Cir. 2001). Specifically, Rule 11(c)(2) states that the motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The Ninth Circuit has made clear that the purpose of Rule 11(c)'s safe harbor provision "is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

Here, defendant served the motion for sanctions over two months after plaintiff filed his motion to dismiss all claims against defendant. *See* Dkts. 79, 94-4. By filing his motion to dismiss, plaintiff effectively withdrew the amended complaint and therefore receives the benefit of Rule 11's safe harbor provision. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010) (holding that filing a motion for leave to amend the complaint constituted an "effective withdrawal"). Therefore, defendant's motion for sanctions is improper and must be denied.

## CONCLUSION

Based on the foregoing, defendant's motion for sanctions pursuant to Rule 11 is denied.

It is so ordered.

Dated this 27th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge